[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPTEMBER 14, 2006
THOMAS K. KAHN
CLERK

No. 05-15460
Non-Argument Calendar

_____

D. C. Docket No. 05-00111-CR-ORL-28-DAB

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DEVON ANTHONY WRIGHT,
a.k.a. Errol Brooks,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(September 14, 2006)**

Before BLACK, BARKETT and WILSON, Circuit Judges.

PER CURIAM:

Devon Anthony Wright appeals his 60-month sentence for being an alien who was previously deported and removed from the United States and found to be voluntarily in the United States without first having received consent, in violation of 8 U.S.C. § 1326(a) and (b)(2). First, he argues that the district court violated his Fifth and Sixth Amendment rights by sentencing him based on a prior conviction for a drug trafficking offense that was not charged by the government, admitted by him, or proved to a jury beyond a reasonable doubt. Second, he argues that the district court failed to consider adequately 18 U.S.C. § 3553(a), particularly subsection (a)(6), and violated his right to equal protection by refusing to depart downward based on the sentencing disparity created by the existence of fast-track programs in other jurisdictions. Lastly, Wright argues that the district court improperly double-counted his prior conviction as part of his criminal history and as a sentencing enhancement factor, and imposed a sentence excessively disproportionate to his offense, in violation of the Eighth Amendment. We affirm Wright's sentence.

## I.

Wright's first contention is that the district court violated his Fifth and Sixth Amendment rights when it enhanced his sentence based on a prior conviction for a drug trafficking offense because this offense was not charged by the government,

admitted by Wright, or proved to a jury beyond a reasonable doubt. Although

Wright objected to application of the enhancement below, he did not specifically

raise Fifth or Sixth Amendment claims, and we therefore review for plain error.

*See United States v. Camacho-Ibarquen*, 410 F.3d 1307, 1315 (11th Cir.) (per

curiam), *cert. denied*, __ U.S. __, 126 S. Ct. 457, 163 L. Ed. 2d 347 (2005). We

ask whether there is (1) error, (2) that is plain, (3) that affects substantial rights,

and (4) seriously affects the fairness, integrity, or public reputation of judicial

proceedings. *Id.*[1]

Generally, an alien who has been previously deported or removed from the

United States and thereafter reenters without permission faces a maximum

imprisonment term of 2 years, *see* 8 U.S.C. § 1326(a), but an alien "whose

removal was subsequent to a conviction for commission of an aggravated felony"

faces a 20 year maximum term of imprisonment. *Id.* § 1326(b)(2). The

corresponding U.S. Sentencing Guidelines provide for a 16-level increase when

the alien was "previously deported . . . after . . . a conviction for a felony that is

[ ] a drug trafficking offense for which the sentence imposed exceeded 13

months[.]" U.S.S.G. § 2L1.2(b)(1)(A)(i); *see United States v. Madera-Madera*,

---

[1] Even if our review of this issue was de novo, it would not change the outcome of our analysis.

3

333 F.3d 1228, 1230 (11th Cir. 2003). A "'[d]rug trafficking offense'" is "an offense under federal, state, or local law that prohibits . . . the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense." U.S.S.G. § 2L1.2 cmt. n.1(B)(iv). Here, the district court applied the 16-level enhancement based on Wright's 1993 conviction for possession of crack cocaine with intent to distribute in violation of federal law, an offense for which he was sentenced to, inter alia, 74 months' imprisonment.

In *Almendarez-Torres v. United States*, 523 U.S. 224, 118 S. Ct. 1219, 140 L. Ed. 2d 350 (1998), the Supreme Court held that "the factual issue of whether a defendant has been convicted of an 'aggravated felony' for 8 U.S.C. § 1326(b)(2) enhancement purposes is not to be treated an element of the offense for constitutional purposes, and as a result the prior conviction is not required to be alleged in the indictment." *United States v. Greer*, 440 F.3d 1267, 1273 (11th Cir. 2006). We have repeatedly held that *Almendarez-Torres* remains valid law. *See id.* (citing *Camacho-Ibarquen*, 410 F.3d at 1316 n.3, for the proposition that the Supreme Court has not overruled *Almendarez-Torres*). Moreover, "[p]ost-*Booker*, this Court has reaffirmed that there is no Sixth Amendment violation when a district court enhances a sentence based on prior convictions, including those

4

specified in § 2L1.2(b)(1)(A)." *United States v. Gallegos-Aguero*, 409 F.3d 1274, 1276 (11th Cir. 2005) (per curiam). Although Wright asserts that the characterization of his 1993 conviction as a "drug trafficking offense" was a matter involving "disputed fact findings" by the district court, "we find no merit in [defendant's] argument that the Sixth Amendment requires that a jury, not a judge, must determine whether his prior conviction is within the category of offenses specified in § 2L1.2(b)(1)(A)[]." *Id.* at 1277 (citing *United States v. Shelton*, 400 F.3d 1325, 1329 & n. 4 (11th Cir. 2005) and *Shepard v. United States*, 544 U.S. 13, 24-26, 125 S. Ct. 1254, 1262-63, 161 L. Ed. 2d 205 (2005)); *cf. United States v. Gibson*, 434 F.3d 1234, 1247 (11th Cir.) ("[W]hether Gibson's prior convictions were felonies involving a controlled substance is a question of law to be answered by the court, not a question of fact to be found by the jury."), *cert. denied*, __ U.S. __, 126 S. Ct. 2911, 165 L. Ed. 2d 931 (2006). Wright did not dispute the existence of his 1993 conviction for possession with intent to distribute (and accompanying 74-month sentence) at his sentencing hearing and, as indicated above, the Guidelines classify possession with intent to distribute as a "drug trafficking offense" if the sentence imposed exceeded 13 months. U.S.S.G. § 2L1.2 cmt. n.1(B)(iv). Accordingly, we find no error, much less plain error, in

5

the district court's application of § 1326(b)(2) and § 2L1.2(b)(1)(A).[2]

## II.

Wright also contends that the district court failed adequately to consider 18 U.S.C. § 3553(a), particularly subsection (a)(6), and violated his right to equal protection, by refusing to depart downward based on the sentencing disparity created by the existence of fast-track programs in other jurisdictions. We review "[i]ssues of constitutional law and statutory interpretation" de novo, but review the sentence imposed for reasonableness. *United States v. Castro*, 11th Cir. 2006, __ F.3d __, slip op. at 3013 (No. 05-16405, July 12, 2006) (per curiam) (quotations and citations omitted). We review for plain error, however, the argument, raised for the first time on appeal, that the sentencing disparity between defendants prosecuted in fast-track participating districts and those in non-participating districts violates the defendant's equal protection rights. *Id.* at __, slip op. at

---

[2] Wright's argument that *Almendarez-Torres* does not apply to his case is without merit because nothing in that decision indicates that a defendant must admit to the prior conviction before or during the acceptance of his guilty plea. *See Almendarez-Torres*, 523 U.S. at 248, 118 S. Ct. at 1233. Moreover, we note that Wright was in fact charged with violating 8 U.S.C. § 1326(b)(2), which clearly states that an alien "whose removal was subsequent to a *conviction for commission of an aggravated felony*" faces a term of imprisonment not to exceed 20 years, 8 U.S.C. § 1326(b)(2) (emphasis added), and Wright acknowledged at his plea hearing that he faced a 20-year statutory maximum sentence.

3014.[3]

The fast-track departure provision of the Guidelines, § 5K3.1, is available to defendants who agree to the factual basis of the criminal charges against them and waive certain rights, but only in participating judicial districts. *See id.* at __, slip. op. at 3012. While 18 U.S.C. § 3553(a)(6) requires the district court to consider "the need to avoid unwarranted sentence disparities," we held in *Castro* that "section 3553(a)(6) does not require the district court to depart based on the availability of the [fast-track] departure in only some districts." *Id.* at __, slip op. at 3014. Furthermore, Wright cannot show plain error with respect to his equal protection claim, because he fails to identify any binding precedent holding that the limited availability of the fast-track departure violates equal protection. *See id.* at __, slip op. at 3014-15. Thus, Wright has not carried "the burden of establishing that the sentence is unreasonable in the light of both [the] record and the factors in section 3553(a)." *United States v. Talley*, 431 F.3d 784, 788 (11th Cir. 2005) (per curiam). Indeed, the district court explicitly stated that it was

---

[3] Assuming that, at sentencing, the combination of Wright's mere citation to *United States v. Galvez-Barrios*, 355 F. Supp. 2d 958 (E.D. Wis. 2005)–which was not an equal protection decision–and the district court's statement that the holding in *Galvez-Barrios* concerned the disparity's relevance under 18 U.S.C. § 3553, was sufficient to preserve Wright's § 3553(a)(6) argument for appeal, it did not, contrary to Wright's contention, preserve his equal protection argument. *See United States v. Massey*, 443 F.3d 814, 819 (11th Cir. 2006).

considering § 3553(a) and imposed a 60-month sentence, which was within the 57-71 month Guidelines range and one-fourth of the 20-year statutory maximum. *See United States v. Scott*, 426 F.3d 1324, 1329 (11th Cir. 2005) (district courts do not need to discuss each § 3553(a) factor); *United States v. Martinez*, 434 F.3d 1318,1322 (11th Cir.) ("easily" concluding that sentence within the Guidelines range and almost one-third the length of the 20-year statutory maximum was not unreasonable), *cert. denied*, __ U.S. __, 126 S. Ct. 2946, __ L. Ed. 2d __ (2006).

**III**.

Finally, Wright argues that the district court improperly double-counted his prior conviction as part of his criminal history and as a sentencing enhancement factor, thereby imposing a sentence excessively disproportionate to his offense, in violation of the Eighth Amendment. As with Wright's equal protection claim, his mere citation to *Galvez-Barrios* and the district court's comment that *Galvez-Barrios* addressed fast-track sentencing disparities did not preserve Wright's double-counting or Eighth Amendment objections. *See Massey*, 443 F.3d at 819. Accordingly, we review these claims for plain error. *See id.* at 818.

We have upheld, against a due process/equal protection challenge, double counting a defendant's prior conviction both as part of his criminal history and as

8

a sentencing enhancement under U.S.S.G. § 2L1.2. *See United States v. Adeleke*, 968 F.2d 1159, 1161 (11th Cir. 1992) ("The Commission clearly intended prior felonies to count against defendants under both the criminal history section and § 2L1.2, . . . and this result is permissible because of the divergent policies [supporting each factor]." ); *United States v. Huang*, 977 F.2d 540, 544-45 (11th Cir. 1992) (per curiam) ("The upward departure of the base offense level reflected the seriousness of Huang's crime, given his admitted smuggling of aliens on at least ten occasions; the criminal history adjustment indicated an attempt by the sentencing judge to deter Huang from future smuggling activity."); *Martinez*, 434 F.3d at 1323 n.4 (rejecting double-counting challenge where defendant's prior convictions were used both to increase his base offense level under § 2L1.2(b)(1)(A) and to determine his criminal history points). Thus, circuit precedent forecloses Wright's double counting claim. Furthermore, Wright cannot prove plain error with respect to his Eighth Amendment and disproportionate sentence arguments, given that: (1) the double-counting was permissible; (2) Wright has not established that his sentence is unreasonable; and (3) he has failed to identify any precedent holding that the fast-track disparity or double-counting result in a sentence that violates the Eighth Amendment. *See United*

*States v. Moriarty*, 429 F.3d 1012, 1024 (11th Cir. 2005) (per curiam) (threshold question in Eighth Amendment cases is whether sentence imposed is grossly disproportionate to the offense committed).

## IV.

Upon review of the record and consideration of the parties' briefs, we discern no reversible error, and therefore affirm Wright's sentence.

**AFFIRMED.**