[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 05-16405
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 12, 2006
THOMAS K. KAHN
CLERK

D. C. Docket No. 05-00111-CR-1-MHS-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSE JORGE ANAYA CASTRO,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(July 12, 2006)**

Before MARCUS, WILSON and PRYOR, Circuit Judges.

PER CURIAM:

Jose Jorge Anaya-Castro appeals his sentence for illegal reentry into the United States. See 8 U.S.C. § 1326. Anaya-Castro argues that the district court erroneously denied him a four-level downward departure under the early disposition program, see U.S.S.G. § 5K3.1, because the use of the program in some districts and not others creates sentencing disparities that violate statutory requirements of sentencing and the constitutional guarantee of equal protection. Anaya-Castro also argues that the enhancement of his sentence based on his prior convictions violated the Fifth and Sixth Amendments. With respect to the application of section 5K3.1, we conclude that the district court did not commit any statutory error in sentencing and any alleged constitutional violation was not plain error. As to the use of Anaya-Castro's prior convictions, the district court also did not err. We affirm.

## I. BACKGROUND

On March 8, 2005, Anaya-Castro, a citizen of Mexico, was indicted for illegal reentry into the United States. 8 U.S.C. § 1326(a), (b)(2). Anaya-Castro pleaded guilty and moved the district court to apply a four-level downward departure under the "fast-track" provision of the Sentencing Guidelines. See U.S.S.G. § 5K3.1. The fast-track departure is available to defendants who "agree to the factual basis [of the criminal charge] and waive the rights to file pretrial

2

motions, to appeal, and to seek collateral relief (except for ineffective assistance of counsel)," United States v. Morales-Chaires, 430 F.3d 1124, 1127 (10th Cir. 2005) (quoting United States v. Melendez-Torres, 420 F.3d 45, 52 (1st Cir. 2005)), but only in judicial districts that participate in a "early disposition program authorized by the Attorney General of the United States and the United States Attorney for the district in which the court resides." U.S.S.G. § 5K3.1. The Northern District of Georgia, where Anaya-Castro was prosecuted, does not participate in the early disposition program.

Anaya-Castro argued that, although the program does not exist in the Northern District of Georgia, the district court should use its discretion under United States v. Booker, 543 U.S. 220, 261, 125 S. Ct. 738, 765-66 (2005), to reduce his sentence by the equivalent of the four-level departure. Anaya-Castro argued that the participation of some districts in the early disposition program—primarily those in the Southwestern portion of the United States but also the District of Idaho and, until 2002, the Eastern District of Washington—created a sentencing disparity with those who were prosecuted in non-participating districts. At Anaya-Castro's sentencing hearing, the district court denied his motion. The district court also rejected Anaya-Castro's argument that his prior convictions could not be considered at sentencing under Apprendi. The advisory guidelines

range for Anaya-Castro's sentence was 41 to 51 months of imprisonment, and the district court sentenced Anaya-Castro to 41 months.

## II.  STANDARD OF REVIEW

This Court reviews <u>de novo</u> "[i]ssues of constitutional law and statutory interpretation." <u>United States v. Gilbert</u>, 130 F.3d 1458, 1461 (11th Cir. 1997). When "the defendant fails to object at the district court, we reverse only for plain error." <u>United States v. Nash</u>, 438 F.3d 1302, 1304 (11th Cir. 2006). "We review the sentence imposed by the district court for reasonableness." <u>United States v. Talley</u>, 431 F.3d 784, 785 (11th Cir. 2005) (citing <u>Booker</u>, 543 U.S. at 261, 125 S. Ct. at 765).

## III.  DISCUSSION

Anaya-Castro raises two arguments on appeal.  First, Anaya-Castro argues that the district court erroneously failed to apply the four-level downward departure.  Second, Anaya-Castro argues that the district court erroneously considered his prior convictions in violation of <u>Apprendi</u>.  We address each argument in turn.

### A.  The District Court Properly Declined to Apply the Fast-Track Downward Departure.

Anaya-Castro argues that the district court erred when it failed to apply the four-level downward departure for two reasons.  First, Anaya-Castro argues that

4

the failure to depart resulted in an unreasonable sentence because it created a sentencing disparity that should have been remedied by the discretion of the district court under Booker. See 18 U.S.C. § 3553(a)(6). Second, Anaya-Castro argues, for the first time on appeal, that the availability of the fast-track departure in some districts but not others violates the equal protection guarantee of the Due Process Clause. See U.S. Const. amend. V.

### 1. Section 3553(a)(6) Does Not Require the District Court to Apply the Downward Departure.

Anaya-Castro argues that the availability of the fast-track departure in some districts but not others creates a sentencing disparity between defendants prosecuted in participating districts and those in non-participating districts. Anaya-Castro argues that this disparity reflects a failure to consider the requirement of the sixth factor in section 3553(a): "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(6). Anaya-Castro contends that, because the district court failed to consider this factor, his sentence is unreasonable. We disagree.

We begin our inquiry of the reasonableness of a sentence by determining whether the district court "correctly calculate[d] the range provided by the Guidelines." Talley, 431 F.3d at 786. The parties agree that the guidelines range

5

was correctly calculated, and Anaya-Castro concedes that the failure of the Northern District of Georgia to participate in the early disposition program forecloses the fast-track departure. See U.S.S.G. § 5K3.1. We thus proceed to the second inquiry: whether the district court considered the "[section 3553(a)] factors to determine a reasonable sentence." Talley, 431 F.3d at 786.

We conclude that the district court properly considered each of the section 3553(a) factors and imposed a reasonable sentence. Section 3553(a) enumerates several factors that must be considered to determine a reasonable sentence, and the "need to avoid unwarranted sentence disparities," 18 U.S.C. § 3553(a)(6), is one of them. See Morales-Chaires, 430 F.3d at 1131. At the sentencing hearing, the district court considered Anaya-Castro's arguments relating to the nature and circumstances of the offense, the history and characteristics of the defendant, the adequacy of a sentence within the guidelines, and guidelines policy considerations. See id. § 3553(a)(1), (2), (5). The district court also considered the applicable guidelines range, see id. § 3553(a)(4), and concluded that a "sentence at the bottom of the guideline range" was reasonable.

Any disparity created by section 5K3.1 does not fall within the scope of section 3553(a)(6). When Congress directed the Sentencing Commission to allow the departure for only participating districts, Prosecutorial Remedies and Other

6

Tools to End the Exploitation of Children Today Act of 2003, Pub. L. No. 108-21 § 401(m)(2)(B), 117 Stat. 650, 675 (2003), Congress implicitly determined that the disparity was warranted. See United States v. Sebastian, 436 F.3d 913, 915-16 (8th Cir. 2006). Anaya-Castro's interpretation of section 3553(a)(6) conflicts with the decision of Congress to limit the availability of the departure to participating districts, id., and erroneously elevates one factor above all others, see Morales-Chaires, 430 F.3d at 1131.

We are not alone in reaching this conclusion. Every circuit court to decide this issue has found that section 3553(a)(6) does not require the district court to depart based on the availability of the departure in only some districts. See, e.g., United States v. Hernandez-Cervantes, 161 F. App'x 508, 512 (6th Cir. 2005) (unpublished); United States v. Martinez-Martinez, 442 F.3d 539, 542 (7th Cir. 2006); Sebastian, 436 F.3d at 915-16; United States v. Marcial-Santiago, 447 F.3d 715, 718-19 (9th Cir. 2006). We join them. Because the district court "adequately and properly considered the [section] 3553(a) sentencing factors and the advisory Guidelines range," we conclude that the sentence was reasonable. United States v. Scott, 426 F.3d 1324, 1329 (11th Cir. 2005).

7

2. The Refusal of the District Court to Grant Anaya-Castro the Benefit of Section 5K3.1, as a Matter of Equal Protection, Was Not Plain Error.

Anaya-Castro next argues that the sentencing disparity between defendants prosecuted in participating districts and those in non-participating districts violates the equal protection guarantee of the Due Process Clause of the Fifth Amendment to the U.S. Constitution. See U.S. Const. amend. V; Bolling v. Sharpe, 347 U.S. 497, 500, 74 S. Ct. 693, 695 (1954). Because Anaya-Castro did not present this argument to the district court, we review for plain error. Nash, 438 F.3d at 1304. To meet his burden, Anaya-Castro must show "(1) an error occurred, (2) the error was plain, and (3) the error affected substantial rights." Id. (quoting United States v. Zinn, 321 F.3d 1084, 1088 (11th Cir. 2003)). "If these three criteria are met, we may reverse for plain error if it 'seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings.'" Id. (quoting United States v. Olano, 507 U.S. 725, 730-32, 113 S. Ct. 1770, 1776 (1993)).

Although other courts have concluded that the disparity does not violate equal protection, see United States v. Melendez-Torres, 420 F.3d 45, 52-53 (1st Cir. 2005); Marcial-Santiago, 447 F.3d at 719, we need not reach this question because any error would not be plain. "As we have repeatedly recognized, an error cannot meet the 'plain' requirement of the plain error rule if it is not clear under current law." United States v. Chau, 426 F.3d 1318, 1322 (11th Cir. 2005)

8

(internal quotations omitted) (quoting United States v. White, 416 F.3d 1313, 1319 (11th Cir. 2005)). When "the explicit language of a statute or rule does not specifically resolve an issue, there can be no plain error where there is no precedent from the Supreme Court or this Court directly resolving it." Id. (quoting United States v. Lejarde-Rada, 319 F.3d 1288, 1291 (11th Cir. 2003)). Anaya-Castro fails to identify any precedent, binding or otherwise, that has held that the limited availability of the fast-track departure violates equal protection. Because Anaya-Castro is unable to meet his burden to show plain error, his argument fails.

### B. The District Court Properly Considered Anaya-Castro's Prior Convictions.

Anaya-Castro argues that the district court erroneously considered his prior convictions at sentencing because the government neither charged the convictions in the indictment nor proved them beyond a reasonable doubt to a jury and Anaya-Castro did not admit the convictions in his guilty plea. This argument is foreclosed by United States v. Shelton, 400 F.3d 1325, 1329 & n.4 (11th Cir. 2005). In Shelton, we held that Booker "left undisturbed" the rule of Almendarez-Torres v. United States, 523 U.S. 224, 118 S. Ct. 1219 (1998), that "the government need not allege in its indictment and need not prove beyond a reasonable doubt that a defendant had prior convictions for a district court to use those convictions for purposes of enhancing a sentence." Id. at 1329.

9

## IV. CONCLUSION

Anaya-Castro's sentence is

**AFFIRMED**.