[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 8, 2006
THOMAS K. KAHN
CLERK

_____

No. 06-10764
Non-Argument Calendar

_____

D. C. Docket No. 05-00369-CR-1-JEC-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LUIS PEREZ-COLONA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(August 8, 2006)**

Before BLACK, BARKETT and HULL, Circuit Judges.

PER CURIAM:

Luis Perez-Colona appeals his 46-month sentence imposed after pleading

guilty to illegally re-entering the United States after deportation, in violation of 8 U.S.C. § 1326(a) and (b)(2). After review, we affirm.

## I. BACKGROUND

Prior to this case, Perez-Colona, a native and citizen of Mexico, was convicted in 1994 in a Georgia state court of cocaine trafficking and sentenced to a 15-year term of imprisonment. In 1997, Perez-Colona was transferred to federal custody for deportation proceedings and was subsequently deported to Mexico.

In 2001, Perez-Colona illegally re-entered the United States. On July 1, 2005, Perez-Colona was arrested by local law enforcement for loitering. In an interview with the Bureau of Immigration and Customs Enforcement, Perez-Colona admitted that he had illegally re-entered the United States after having been deported.

A federal grand jury indicted Perez-Colona of one count of being an alien found unlawfully in the United States after having been previously deported, in violation of 8 U.S.C. § 1326(a) and (b)(2). Perez-Colona pled guilty to the indictment without the benefit of a plea agreement.

The presentence investigation report ("PSI") set Perez-Colona's base offense level at 8. See U.S.S.G. § 2L1.2(a). The PSI recommended that Perez-Colona's offense level be increased sixteen levels, pursuant to U.S.S.G. § 2L1.2(b)(1)(A)(i),

due to his deportation after a felony drug trafficking conviction for which the sentence exceeded 13 months. The PSI also recommended a three-level decrease in Perez-Colona's offense level for timely acceptance of responsibility. See U.S.S.G. § 3E1.1(a), (b). Based on Perez-Colona's 1994 drug conviction and the fact that Perez-Colona committed the instant offense while on probation, the PSI recommended a criminal history category of III, resulting in an advisory guidelines range of 46 to 57 months' imprisonment.

In his written objections, Perez-Colona did not dispute the existence of his prior felony drug conviction; nor did he dispute the factual accuracy of the PSI. Instead, Perez-Colona objected to the 16-level enhancement, pursuant to U.S.S.G. § 2L1.2(b)(1)(A)(i), and to the use of his prior felony drug conviction to increase his criminal history category based on Blakely v. Washington, 542 U.S. 296, 124 S. Ct. 2531 (2004). Perez-Colona also objected to the failure to grant him a 4-level reduction in order to avoid an unwarranted sentencing disparity created by the existence of "fast-track programs" in other judicial districts, in violation of 18 U.S.C. § 3553.[1]

---

[1]Early disposition or "fast-track" programs have been established in some districts to help ease congestion by the large number of immigration cases. See United States v. Melendez-Torres, 420 F.3d 45, 52 (1st Cir. 2005). Pursuant to a provision of the recent PROTECT Act, the Sentencing Commission promulgated U.S.S.G. § 5K3.1, which allows the district court, upon the government's motion, to depart downward not more than 4 levels "pursuant to an early disposition program authorized by the Attorney General of the United States and the United States Attorney for the

At the sentencing hearing, Perez-Colona renewed his <u>Blakely</u> objections to the 16-level increase under U.S.S.G. § 2L1.2(b)(1)(A)(i) and to the increase in his criminal history category, but conceded that this Circuit had "ruled very clearly against us" and that his objections were being renewed to preserve them for appeal. Perez-Colona also argued that the district court should grant him a 4-level reduction, pursuant to 18 U.S.C. § 3553(a), because other similarly situated defendants in judicial districts with fast-track programs were receiving 4-level reductions.

The district court overruled Perez-Colona's <u>Blakely</u> objections to the PSI's use of his prior felony drug conviction. The district court also refused to give a 4-level variance from the advisory guidelines range based on disparities in sentences caused by fast-track programs in other districts. The district court concluded that a reasonable sentence would not fall outside the guidelines range. The district court imposed a 46-month sentence, at the low end of the advisory guidelines range of 46 to 57 months. In so doing, the district court noted that economic factors motivated Perez-Colona's decision to illegally re-enter the United States and that Perez-Colona was not engaged in any criminal wrongdoing when taken into custody. Perez-Colona filed this appeal.

---

district in which the court resides." The Northern District of Georgia does not have an early disposition program as described in U.S.S.G. § 5K3.1.

## II. DISCUSSION

### A. Prior Felony Drug Conviction

On appeal, Perez-Colona argues that his Sixth Amendment rights were violated when the district court used his prior felony drug conviction to calculate his guidelines range. As Perez-Colona acknowledges, even after Blakely and United States v. Booker, 543 U.S. 220, 125 S. Ct. 738 (2005), this Circuit remains bound by Almendarez-Torres v. United States, 523 U.S. 224, 118 S. Ct. 1219 (1998), in which the Supreme Court held that the fact of a prior conviction does not need to be alleged in an indictment nor proven to a jury beyond a reasonable doubt. See United States v. Greer, 440 F.3d 1267, 1275-76 (11th Cir. 2006) (reversing the district court's ruling that Almendarez-Torres was no longer good law following Booker); United States v. Gibson, 434 F.3d 1234, 1246 (11th Cir.), cert. denied, 126 S. Ct. 2911 (2006) (explaining that "[i]t is not given to us to overrule the decisions of the Supreme Court," and adhering to Almendarez-Torres). In addition, Perez-Colona did not deny the factual existence of his prior felony drug conviction, but rather raised only a Blakely, now Booker, claim, which we reject. See United States v. Burge, 407 F.3d 1183, 1191 (11th Cir.), cert. denied, 126 S. Ct. 551 (2005) (concluding that there was no Booker error when the defendant did not dispute the fact of his prior conviction). Thus, the district court

did not err in using Perez-Colona's prior felony drug conviction to enhance his guidelines sentence.

**B. Reasonableness**

We review sentences imposed under the post-Booker advisory guidelines scheme for reasonableness. United States v. Winingear, 422 F.3d 1241, 1244 (11th Cir. 2005). After Booker, the district court must first correctly calculate the defendant's advisory guideline range, and then, using the 18 U.S.C. § 3553(a) sentencing factors, the court can impose a more severe or more lenient sentence as long as it is reasonable. United States v. Crawford, 407 F.3d 1174, 1179 (11th Cir. 2005).

Perez-Colona argues that his sentence is unreasonable because of the disparity between his sentence and the sentences of similarly situated defendants in judicial districts with "fast-track" programs. Perez-Colona emphasizes that "the need to avoid unwarranted sentence disparities" is one of the factors in § 3553(a). See 18 U.S.C. § 3553(a)(6). This Court recently rejected this argument in United States v. Anaya Castro, ___ F.3d ___, No. 05-16405, slip op. at 6 (11th Cir. July 12, 2006). In Anaya Castro, we concluded that "[a]ny disparity created by section 5K3.1 does not fall within the scope of section 3553(a)(6)" because, when Congress directed the Sentencing Commission to promulgate a fast-track

6

departure, it "implicitly determined that the disparity was warranted." Id.

Nor can we say on this record that Perez-Colona's 46-month sentence is unreasonable. Perez-Colona's sentence was at the low end of the advisory guidelines range of 46 to 57 months and well below the statutory maximum of twenty years. In addition, the district court's comments during the sentencing hearing reflect consideration of several § 3553(a) factors, including the nature and circumstances of the offense and the characteristics of the defendant.

We affirm Perez-Colona's 46-month sentence.

**AFFIRMED.**