[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPTEMBER 6, 2006
THOMAS K. KAHN
CLERK

No. 06-11636
Non-Argument Calendar
_____

D. C. Docket No. 05-14068-CR-KAM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ROSENDO PENALOZA-VALLEJO,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(September 6, 2006)**

Before TJOFLAT, BIRCH and CARNES, Circuit Judges.

PER CURIAM:

Rosendo Penaloza-Vallejo appeals his 57-month sentence for illegal re-entry

into the United States in violation of 8 U.S.C. § 1326(a). He contends that this sentence was unreasonable in light of the factors outlined in 18 U.S.C. § 3553(a).

"In reviewing the ultimate sentence imposed by the district court for reasonableness, we consider the final sentence, in its entirety, in light of the § 3553(a) factors." United States v. Thomas, 446 F.3d 1348, 1351 (11th Cir. 2006). Some of the § 3553(a) factors include the nature and circumstances of the offense, the history and characteristics of the defendant, the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense, the guidelines range, and the need to avoid unwarranted sentence disparities. See 18 U.S.C. § 3553(a). The district court need not state on the record that it has considered each factor and need not discuss each factor. United States v. Talley, 431 F.3d 784, 786 (11th Cir. 2005). Instead, an acknowledgment by the district court that it has considered the defendant's arguments and the § 3553(a) factors will suffice. Id.

Reasonableness review is "deferential," and the burden is on the defendant to prove that the sentence is unreasonable in light of the record and the § 3553(a) factors. United States v. Valnor, 451 F.3d 744, 750 (11th Cir. 2006). Although a sentence within the guidelines range will not be considered per se reasonable, when the district court imposes a sentence within the guidelines range, we will

2

ordinarily expect that choice to be a reasonable one. Talley, 431 F.3d at 787–88; see also United States v. Hunt, ___ F.3d ___, No. 05-11671, manuscript op. at 9 (11th Cir. Aug. 10, 2006) (holding that there is no "across-the-board prescription regarding the appropriate deference to give the Guidelines" but that a district court may have good reason to follow the Guidelines in a particular case).

In this case, the district court stated at sentencing that it considered the § 3553(a) factors. It also specifically addressed the following factors: (1) the circumstances of the offense; (2) Penaloza's history and characteristics; (3) the need for the sentence to reflect the seriousness of the offense and to promote respect for the law; and (4) the need to avoid unwarranted sentence disparities among defendants with similar records. Penaloza has been deported twice. After each deportation, he illegally re-entered the United States. Before Penaloza's first deportation, he fired a .357 caliber revolver inside a crowded bar. Before his second deportation, Penaloza shot a woman in the back as she ran away from him. His sentence is appropriate in light of this history.

Penaloza also contends that his sentence is unreasonable because if he had been convicted in a district with a fast-track program he might have been eligible for early deportation. However, Section 3553(a) factors do not require a court in a district that does not participate in the fast-track program to depart from the

3

advisory Guidelines range simply because the defendant's sentence may have been less in a district that does participate in the program. <u>United States v. Castro</u>, No. 05–16405, slip op. 3011, 3013–14 (11th Cir. July 12, 2006).

At the sentencing hearing Penaloza argued that his violent felony conviction was twelve years old and should not be counted against him. Penaloza was fifty-seven at the time of sentencing and forty-five when he shot a fleeing woman. His actions are hard to dismiss as youthful indiscretions. As the district court explained, Penaloza's request for a shorter sentence "might be reasonable under different circumstances with a Defendant with a different history," but not here. Having reviewed the record, we find the sentence to be reasonable.

**AFFIRMED.**