WILSON, Circuit Judge,
concurring:
As the majority correctly points out, a sentencing court may not rely solely on a sentencing disparity created by the “fast-track” provision of the Sentencing Guidelines, U.S.S.G. § 5K3.1, in order to support a downward departure from the advisory guidelines range. I concur with this judgment based on our recent precedent United States v. Anaya Castro, 455 F.3d 1249 (11th Cir.2006) (per curiam). In Anaya Castro we concluded that “[a]ny disparity created by section 5K3.1 does not fall within the scope of section 3553(a)(6).” Id. at 1252.
While Anaya Castrp did not address the precise issue presented in this case, its *1252 reasoning controls the outcome here. In Anaya Castro, an appeal by a criminal defendant, we determined that a sentencing judge was not required to apply a downward departure based on a fast-track disparity. Id. In this case, however, the government appeals a downward departure from the advisory guidelines, arguing that the sentencing judge was not permitted to consider a fast-track disparity into consideration in issuing a below-guidelines sentence. In spite of the different posture of this appeal, because we reasoned in Anaya Castro that “Congress implicitly determined that the disparity [created by the fast-track sentencing program] was warranted,” we hold today that a sentencing court is not permitted to downward depart from the advisory guidelines solely on the basis of a disparity created by section 5K3.1. Id.
I write separately to emphasize that we make no determination as to whether Are-valo-Juarez’s thirty-month sentence is reasonable in this case. After Booker, the ultimate determination in reviewing a sentence on appeal is reasonableness. United States v. Booker, 543 U.S. 220, 261, 125 S.Ct. 738, 765, 160 L.Ed.2d 621 (2005); United States v. Winingear, 422 F.3d 1241, 1244-45 (11th Cir.2005). Sentencing courts are free to depart from the advisory guidelines range so long as the sentence is reasonable based on a “proper consideration” of the section 3553(a) factors. United States v. Eura, 440 F.3d 625, 637 (4th Cir.2006) (Michael, J., concurring) (emphasis in original). Here we make no determination as to the reasonableness of Arevalo-Juarez’s sentence, rather we find that the trial court based the sentence on an improper consideration by downward departing solely on the basis of the fast-track disparity.
On remand, the district court has the discretion to determine “[w]hether [the defendant] deserves a sentence below the advisory guideline range based on other factors.” United States v. Galicia-Cardenas, 443 F.3d 553, 555 (7th Cir.2006) (per curiam). To support a downward departure in this instance, the “sentencing court must identify the individual aspects of the defendant’s ease that fit within the factors listed in 18 U.S.C. § 3553(a), and in reliance on those findings, impose a non-guidelines sentence that is reasonable.” Eura, 440 F.3d at 634.
We have said that we will only reverse a sentence and remand for resentencing upon a finding of harmful error. United States v. Nealy, 232 F.3d 825, 829 (11th Cir.2000). We affirm for harmless error in the sentencing context if we find that the sentencing court would have likely sentenced the defendant in the same way absent the error. United States v. Williams, 456 F.3d 1353, 1360 (11th Cir.2006). The problem for Arevalo-Juarez is that we cannot conclude that the error was harmless because the lack of a fast-track program was the sole reason given by the district court to support the below-guidelines sentence.