

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-17-2007

# USA v. Villar

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-1762

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"USA v. Villar" (2007). *2007 Decisions.* Paper 1275.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1275

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No: 06-1762

UNITED STATES OF AMERICA

v.

MELVIN VILLAR,

Appellant

Appeal from the District Court of the
Virgin Islands, Division of St. Thomas
and St. John
(05-cr-00041)
District Judge: Hon. Curtis V. Gomez

Submitted pursuant to Third Circuit LAR 34.1(a)
December 4, 2006

Before: McKEE, BARRY, and STAPLETON, *Circuit Judges*

(Opinion filed: April 17, 2007 )

OPINION

McKEE, *Circuit Judge*.

Melvin Villar appeals the sentence that was imposed for illegally reentering the

United States. For the reasons that follow, we will affirm.

**I.**

On May 23, 2005, a one count information was filed charging Villar with reentry

of removed aliens, in violation of 8 U.S.C. § 1326(a) and (b)(2). Villar thereafter pled

1

guilty to that information. The sentencing range under the advisory guidelines was 57 to 71 months. However, Villar "sought adjustment of his sentence under the 'fast track' of Section 5K3.1, U.S. Sentencing Guidelines and Title 18 Section 3553(a)(6)." Appellant's Br. at 13. The district court imposed sentence without expressly addressing that requested adjustment. Instead, the court merely explained:

> [H]aving considered both the advisory guideline range of 57 to 71 months, which is based on an offense level of 21, and a criminal history category IV, and the sentencing factors enumerated at Title 18, U.S. Code, Section 3553, and pursuant to the Sentencing Reform Act of 1984, it is the judgment of the Court that the defendant, Melvin Villar, is hereby committed to the custody of the U.S. Bureau of Prisons, to be imprisoned for a term of 57 months.

This appeal followed.

## II.

"In 2003, Congress directed the Sentencing Commission to promulgate a policy statement 'authorizing a downward departure of not more than 4 levels if the Government files a motion for such departure pursuant to an early disposition program authorized by the Attorney General and the United States Attorney.'" *United States v. Sebastian*, 436 F.3d 913, 915-16 (8th Cir. 2006) (quoting Prosecutorial Remedies and Other Tools Against the Exploration of Children Today ("PROTECT") Act, Pub.L. No. 108-21, § 401(m)(2)(B), 117 Stat. 650, 675 (2003)). "The directive apparently was motivated by the large volume of immigration cases presented for prosecution in certain judicial districts, and the perceived need for an administrative mechanism to permit more efficient processing of these cases." *Id.* at 916 (citing 149 Cong. Rec. H2405, 2421

2

(daily ed. Mar. 27, 2003) (commentary to an amendment offered by Rep. Feeney)).  The

Commission responded to the directive by adopting U.S.S.G. § 5K3.1, which provides as

follows:

> Upon motion of the Government, the court may depart
> downward not more than 4 levels pursuant to an early
> disposition program authorized by the Attorney General of
> the United States and the United States Attorney for the
> district in which the court resides.

"Since then, the Attorney General has authorized such programs in several districts along

the southwest and western borders of the United States, as well as in Nebraska and North

Dakota."  *Sebastian*, 436 F.3d at 916.

There is no early disposition or "fast-track" program in the Virgin Islands, and

Villar relies upon the resulting sentencing patterns to argue that "fast-track" departures in

some districts but not others creates a sentencing disparity between similarly situated

defendants that the district court should have considered pursuant to 18 U.S.C. §

3553(a)(6).  That statute allows sentencing courts to consider "the need to avoid

unwarranted sentence disparities among defendants with similar records who have been

found guilty of similar conduct."

The Court of Appeals for the Ninth Circuit has explained:

When Congress passed the PROTECT Act, it did so with knowledge that
18 U.S.C. § 3553(a)(6) was directing sentencing courts to consider the need
to avoid unwarranted sentencing disparities.  By authorizing fast-track
programs without revising the terms of § 3553(a)(6), Congress was
necessarily providing that the sentencing disparities that result from these
programs are warranted, and, as such, to not violate § 3553(a)(6).

3

*United States v. Marcial-Santiago*, 447 F.3d 715, 718 (9th Cir. 2006) (citation omitted); *see also United States v. Castro*, 455 F.3d 1249, 1252 (11th Cir. 2006) ("Any disparity created by section 5K3.1 does not fall within the scope of section 3553(a)(6). When Congress directed the Sentencing Commission to allow the departure for only participating districts, Congress implicitly determined that the disparity was warranted.") (citations omitted).

Although we have not yet addressed this claim in a precedential opinion, it is clear that the disparity Villar complains of has been sanctioned by Congress and a sentencing court is therefore not required to mitigate it when fashioning an appropriate sentence under 18 U.S.C. § 3553(a). We therefore reject Villar's argument, and we will affirm the sentence that was imposed.