[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
September 13, 2007
THOMAS K. KAHN
CLERK

No. 07-10747
Non-Argument Calendar

_____

D. C. Docket No. 06-00392-CR-01-JOF-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

UBALDO LUNA-ROMAN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(September 13, 2007)**

Before ANDERSON, BLACK and MARCUS, Circuit Judges.

PER CURIAM:

Ubaldo Luna-Roman, an alien previously deported from the United States,

pleaded guilty to illegally reentering the country, in violation of 8 U.S.C. §§ 1326(a) and (b). Luna-Roman faced an enhanced Sentencing Guidelines range of 70 to 87 months on account of two prior convictions. The district court sentenced Luna-Roman to serve 65 months in prison. On appeal, Luna-Roman argues that his below-Guidelines sentence was unreasonable because the district court "did not give appropriate weight" to relevant sentencing factors contained in 18 U.S.C. § 3553(a), including his personal characteristics and family ties to the United States, which compelled his illegal reentry, or to the "absence of criminal conduct leading up to his arrest." Luna-Roman also argues that the district court should have shortened his sentence to account for those lesser sentences that are imposed for similar misconduct in districts in which the Department of Justice has established early disposition or "fast-track" programs. Shortening his sentence, Luna-Roman argues, would have helped to alleviate "unwarranted sentence disparities" under § 3553(a)(6).

We apply the deferential standard of reasonableness to the final sentence, focusing our attention on the factors set forth in 18 U.S.C. § 3553(a). United States v. Martin, 455 F.3d 1227, 1237 (11th Cir. 2006). The § 3553(a) factors include:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need to reflect the seriousness

2

of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for deterrence; (4) the need to protect the public; (5) the need to provide the defendant with needed educational or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwanted sentencing disparities; and (10) the need to provide restitution to victims.

United States v. Talley, 431 F.3d 784, 786 (11th Cir. 2005) (summarizing 18 U.S.C. § 3553(a)).  The district court need not explicitly state on the record that it has considered each factor.  Nor need the court discuss each individual factor.  An acknowledgment by the district court that it has considered the defendant's arguments and the § 3553(a) factors will suffice.  Id.  Absent such an express acknowledgment, the district court's statements over the entire sentencing hearing may indicate that the court adequately weighed the statutory factors and the defendant's arguments.  See United States v. Dorman, 488 F.3d 936, 944-45 (11th Cir. 2007); see also Rita v. United States, 551 U.S. ___, 127 S.Ct. 2456, 2468, 168 L.Ed.2d 203 (2007) (noting that the "sentencing judge should set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority").  Additionally, we may compare the sentence actually imposed to the statutory maximum in the reasonableness review process.  See United States v. Winingear,

3

422 F.3d 1241, 1246 (11th Cir. 2005). The burden of proving that the sentence is unreasonable in light of the record and these factors rests on the party challenging the sentence. Talley, 431 F.3d at 788.

In this case, the district court correctly calculated the Guidelines range and heard arguments from both parties on the appropriate factors to consider in sentencing Luna-Roman. While the court did not explicitly acknowledge that it had considered the § 3553(a) factors, the court's statements over the entire sentencing hearing nevertheless indicate that the court afforded adequate consideration to these factors and to Luna-Roman's arguments. Finally, the district court's finding that the claimed "fast-track" disparities were irrelevant to the purposes of § 3553(a)(6) was consistent with the law of this Circuit. See United States v. Castro, 455 F.3d 1249, 1253 (11th Cir. 2006).

As a result, Luna-Roman has failed to meet his burden of establishing that his sentence was unreasonable. The judgment of the district court is

**AFFIRMED.**