[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-13109
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 8, 2012
JOHN LEY
CLERK

D.C. Docket No. 6:09-cr-00208-PCF-GJK-1


UNITED STATES OF AMERICA,

                                                        Plaintiff-Appellee,

                          versus

MICHAEL AHEARN,

                                                        Defendant-Appellant.


_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(March 8, 2012)

Before DUBINA, Chief Judge, TJOFLAT and EDMONDSON, Circuit Judges.

PER CURIAM:

    Appellant Michael Ahearn appeals the 24-month sentence imposed pursuant

to 18 U.S.C. § 3583(e)(3) upon the revocation of his supervised release.  On

appeal, Ahearn argues that the district court plainly erred by determining that his commission of batteries, in violation of FLA. STAT. § 784.03, were Grade A violations of supervised release, rather than Grade C violations. He contends that, while FLA. STAT § 784.03(2) makes battery a felony that would constitute a Grade A violation where an offender has a prior conviction for battery, that section requires that the prior conviction be a Florida conviction, and therefore his prior Virginia conviction for assault and battery did not trigger that clause.

We review for abuse of discretion a district court's revocation of supervised release. *United States v. Frazier*, 26 F.3d 110, 112 (11th Cir. 1994). Plain error review, on the other hand, applies when a defendant fails clearly to articulate a specific objection during sentencing. *United States v. Zinn*, 321 F.3d 1084, 1087-88 (11th Cir. 2003). Under plain error review, the defendant must demonstrate (1) error, (2) that was plain, (3) that affected substantial rights, and (4) that seriously affected the fairness, integrity, or public reputation of judicial proceedings. *See, e.g.*, *United States v. Camacho-Ibarquen*, 410 F.3d 1307, 1315 (11th Cir. 2005) (internal quotation marks omitted). "Under 18 U.S.C. § 3583(e), a district court may, upon finding by a preponderance of the evidence that a defendant has violated a condition of supervised release, revoke the term of

supervised release and impose a term of imprisonment . . ." *United States v. Sweeting*, 437 F.3d 1105, 1107 (11th Cir. 2006); *see* 18 U.S.C. § 3583(e)(3).

Under the Sentencing Guidelines, "[w]here there is more than one violation of the conditions of supervision, . . . the grade of the violation is determined by the violation having the most serious grade." *See* U.S.S.G. § 7B1.1(b). The Guidelines provide that conduct constituting a federal or state offense that is a "crime of violence" punishable by a term of imprisonment exceeding one year is a Grade A violation, for which supervised release revocation is mandatory. U.S.S.G. §§ 7B1.1(a)(1), 7B1.3(a)(1). Conduct constituting a federal or state offense punishable by a term of imprisonment of one year or less is a Grade C violation. U.S.S.G. § 7B1.1(a)(3). Where a defendant has an original criminal history category of IV, the guideline range for a Grade C violation is 6 to 12 months' imprisonment, while the guideline range for a Grade A violation is 24 to 30 months' imprisonment. U.S.S.G. § 7B1.4(a). However, the statutory maximum sentence upon revocation of supervised release in Ahearn's case was 24 months' imprisonment, as the offense for which supervised release was imposed was a Class C felony. *See* 18 U.S.C. § 3583(e)(3) (providing that the statutory maximum sentence upon revocation of supervised release is two years, when that supervised release was imposed for a Class C felony); 18 U.S.C. § 3559(a)(3) (providing that

a Class C felony is a felony where the maximum term of imprisonment is 10 or more years but less than 25 years).

Under Florida law, the offense of battery occurs when a person "[a]ctually and intentionally touches or strikes another person against the will of the other; or . . . [i]ntentionally causes bodily harm to another person." FLA. STAT § 784.03(1)(a).  Ordinarily, a person who commits battery commits a misdemeanor of the first degree, punishable by a term of imprisonment up to one year.  FLA. STAT. §§ 784.03(1)(b), 775.082(4)(a).  However, a "person who has one prior conviction for battery, aggravated battery, or felony battery and who commits any second or subsequent battery commits a felony of the third degree," punishable by a term of imprisonment up to five years.  FLA. STAT. §§ 784.03(2), 775.082(3)(d).

We conclude from the record that Ahearn has failed to establish error that is plain.  *See Camacho-Ibarquen*, 410 F.3d at 1315.  It is not clear from the record and case law whether Ahearn's Florida batteries were Grade A violations of supervised release.  Research did not locate a decision by us, or any Florida court, addressing whether FLA. STAT. § 784.03(2) applies to prior convictions in other states.  Therefore, Ahearn has failed to meet the first two prongs of the plain error standard of review.  *See United States v. Marcus*, 560 U.S. ___, ___, 130 S. Ct. 2159, 2164, 176 L. Ed. 2d 1012 (2010) (stating the second prong of plain error as

4

error that is "clear or obvious, rather than subject to reasonable dispute") (internal quotation marks omitted); *United States v. Castro*, 455 F.3d 1249, 1253 (11th Cir. 2006) (providing that an error cannot be plain if it is not clear under current law, in that there is no binding precedent from our Court or the Supreme Court). Accordingly, we affirm Ahearn's sentence.

**AFFIRMED.**