[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-15067

_____

D. C. Docket No. 3:10-cr-00030-MCR-2

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

VICTORIA BOURLIER,
a.k.a. Karen Victoria Ritchey,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(April 30, 2013)

Before MARTIN and ANDERSON, Circuit Judges, and VINSON,* District Judge.

PER CURIAM:

---

* Honorable C. Roger Vinson, United States District Judge for the Northern District of Florida, sitting by designation.

Victoria Bourlier appeals her within-guideline sentence of 30 months in prison, after she pled guilty to the charge of obstruction of justice. Bourlier argues that the district court erred in applying a four-level enhancement for large numbers of vulnerable victims under U.S.S.G. § 3A1.1(b)(1) and (2), because Bourlier did not know, nor reasonably should have known, that the victims of the offenses of her codefendant, Robert Bourlier, were vulnerable victims.[1] Bourlier further argues, for the first time on appeal, that the court erred in concluding both that the victims were vulnerable victims within the meaning of § 3A1.1(b)(1), and that their numbers were sufficient to justify the additional two-level enhancement under § 3A1.1(b)(2). Finally, she argues that the district court failed to make sufficient factual findings in applying the § 3A1.1(b) enhancement.

"The district court's application of § 3A1.1(b) in determining whether a 'vulnerable victim' enhancement is warranted is a mixed question of law and fact that we review *de novo*." *United States v. Frank*, 247 F.3d 1257, 1259 (11th Cir. 2001). "The district court's factual findings related to the imposition of sentencing enhancements, however, are reviewed only for clear error." *United States v. Amedeo*, 370 F.3d 1305, 1312 (11th Cir. 2004). "Whether a 'vulnerable victim'

---

[1] Robert Bourlier, Bourlier's husband, was a physician charged with twenty counts of healthcare fraud and 130 counts of violating the Controlled Substances Act by illegally prescribing controlled substances.

2

sentence enhancement should be made is a fact intensive inquiry that must be made on a case-by-case basis." *Frank*, 247 F.3d at 1260. "The district court's factual findings for purposes of sentencing may be based on, among other things, evidence heard during trial, undisputed statements in the PSI, or evidence presented during the sentencing hearing." *United States v. Polar*, 369 F.3d 1248, 1255 (11th Cir. 2004). We may affirm the enhancement on any ground supported by the record. *Amedeo*, 370 F.3d at 1319 n.12.

Where a defendant is an accessory after the fact, her base offense level is six levels lower than the underlying offense. U.S.S.G. § 2X3.1(a)(1); *Id.* § 2X3.1, comment. (n.1). The district court is to "[a]pply the base offense level plus any applicable specific offense characteristics that were known, or reasonably should have been known, by the defendant." *Id.* § 2X3.1 & comment. (n.1). In the case of an accessory after the fact, "the conduct for which the defendant is accountable includes all conduct relevant to determining the base offense level for the underlying offense that was known, or reasonably should have been known, by the defendant." *Id.* § 1B1.3, comment. (n.10).

The Sentencing Guidelines provide for a two-level offense level enhancement if a defendant "knew or should have known that a victim of the offense was a vulnerable victim." *Id.* § 3A1.1(b)(1). A "vulnerable victim" is any

3

person "who is a victim of the offense of conviction and any conduct for which the defendant is accountable under § 1B1.3 (Relevant Conduct); and . . . who is unusually vulnerable due to age, physical or mental condition, or who is otherwise particularly susceptible to criminal conduct." *Id.* § 3A1.1, comment. (n.2). An additional two-level sentencing enhancement is to be imposed if the offense involved a large number of vulnerable victims. *Id.* § 3A1.1(b)(2).

Where a defendant fails to object to a sentencing error before the district court, we review for plain error. *See United States v. Castro*, 455 F.3d 1249, 1251 (11th Cir. 2006). To establish plain error, a defendant must show that there was an "(1) error, (2) that is plain and (3) that affects substantial rights. If all three conditions are met, we may then exercise our discretion to notice a forfeited error, but only if . . . the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *United States v. Turner*, 474 F.3d 1265, 1276 (11th Cir. 2007). "An error is plain if it is obvious and clear under current law." *United States v. Eckhardt*, 466 F.3d 938, 948 (11th Cir. 2006). "An error that 'affects substantial rights' is one that 'affected the outcome of the district court proceedings.'" *United States v. Henderson*, 409 F.3d 1293, 1308 (11th Cir. 2005) (quoting *United States v. Cotton*, 535 U.S. 625, 632, 122 S. Ct. 1781, 1786 (2002)).

4

Under the doctrine of invited error, we will not review an error that is invited or induced by a party. *United States v. Silvestri*, 409 F.3d 1311, 1327 (11th Cir. 2005). "Where invited error exists, it precludes a court from invoking the plain error rule and reversing." *Id.*

At sentencing, the district court relied without objection on evidence from Robert Bourlier's trial to support the degree of Bourlier's involvement in his medical practice and in ultimately concluding that the four-point vulnerable victim enhancement applied. Because it was known or reasonably should have been known to Bourlier that the victims of Robert Bourlier's offenses were vulnerable victims, the district court properly applied the four-level enhancement under § 3A1.1(b)(1) and (2). Bourlier's arguments—that the court erred in concluding that Robert Bourlier's drug addict patients were vulnerable victims, and that the number of vulnerable victims was insufficient to warrant the additional two-level enhancement under § 3A1.1(b)(2)—are waived under the doctrine of invited error since Bourlier acknowledged the presence of "vulnerable victims" at sentencing and in her sentencing memorandum.[2] Finally, with regard to Bourlier's claim that the district court failed to make sufficient findings, we find no error because the

---

[2] Alternatively, Bourlier cannot satisfy plain error analysis. Moreover, ample evidence supports the district court's findings.

court specifically found that Bourlier knew or should have known that the victims were vulnerable victims, and Bourlier did not request that the district court make more specific findings.

Accordingly, upon review of the record and with the benefit of oral argument, we affirm.

AFFIRMED.