[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-15618
Non-Argument Calendar
_____

D.C. Docket No. 3:13-cr-00077-MMH-JBT-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

KENNETH JACKSON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(August 11, 2014)

Before MARCUS, PRYOR and ANDERSON, Circuit Judges.

PER CURIAM:

Kenneth Jackson appeals his convictions for possession of marijuana with

intent to distribute, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(D), and being a

felon in knowing possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).  Jackson argues on appeal that the district court erred in denying his motion to suppress the evidence found in his residence by law enforcement officers who were executing an arrest warrant.  After thorough review, we affirm.

Because rulings on motions to suppress involved mixed questions of fact and law, we review a district court's factual findings for clear error, and its application of law to those facts de novo.  United States v. Bervaldi, 226 F.3d 1256, 1262 (11th Cir. 2000).  A magistrate judge's conclusion, adopted in full by a district court, is a legal determination subject to de novo review.  Id.  Factual findings are construed in the light most favorable to the prevailing party, in this case, the government.  Id.  However, where a defendant failed to raise an issue in the district court, we review only for plain error.  United States v. Anaya Castro, 455 F.3d 1249, 1253 (11th Cir. 2006).  Under that standard, if there is (1) an error (2) that is plain and (3) affects substantial rights, then we may exercise our discretion to correct the error, but only if (4) the error seriously affects the fairness, integrity, and public reputation of judicial proceedings.  United States v. Lewis, 492 F.3d 1219, 1222 (11th Cir. 2007) (en banc).

Although searches and seizures inside a home without a search warrant are presumptively unreasonable under the Fourth Amendment, an arrest warrant founded on probable cause implicitly carries with it the limited authority to enter a

2

residence in which the suspect lives, when there is reason to believe the suspect is present.  Payton v. New York, 445 U.S. 573, 586, 603 (1980).  In order to assess whether entry pursuant to an arrest warrant complies with the Fourth Amendment, we use a two-part test.  Bervaldi, 226 F.3d at 1263.  First, a law enforcement officer must have a reasonable belief that the location to be searched is the suspect's residence.  Id.  Second, the officer must have reason to believe that the suspect is within the residence.  Id.

The facts and circumstances within the officer's knowledge, when viewed in totality, must support the officer's reasonable belief.  Id.  In evaluating the officer's reasonable belief, we are sensitive to common sense factors indicating a suspect is within the residence.  Id.  The presence of the suspect's vehicle is sufficient to create the inference that the subject is home.  United States v. Magluta, 44 F.3d 1530, 1538 (11th Cir. 1995).  If the initial entry into the suspect's residence is lawful, the officers are permitted to seize any contraband in plain view within the residence.  United States v. Smith, 459 F.3d 1276, 1290 (11th Cir. 2006).

Here, the district court did not err in denying Jackson's motion to suppress. Because Jackson acknowledges that the residence was his home, the sole issue on appeal is whether there was sufficient evidence to support the officers' reasonable belief that he was within the residence at the time of entry.  See Bervaldi, 226 F.3d at 1263.  Jackson initially argues, for the first time on appeal, that the officers

3

reached this conclusion based on stale evidence that should have been disregarded -- evidence suggesting that a year earlier, Jackson had a habit of conducting drug sales from his home during midday.  However, the record shows that although the sales occurred a year earlier, the officers had no information to suggest that Jackson was otherwise legally employed.  Thus, the district court did not commit plain error in considering this evidence.

Moreover, and in any event, the officers did not rely solely upon the information about the prior drug sales.  When the officers arrived at Jackson's residence, his motorcycle, the only vehicle registered in his name, was present.  In addition, a pair of shoes rested near the door, and one of the officers heard an unidentified noise from inside the residence.  Finally, as we've mentioned, although it was the middle of the day, Jackson had no known source of employment.  Viewed in totality, these circumstances support the officers' reasonable belief that Jackson was home at the time they entered his residence, and the district court did not err in denying Jackson's motion to suppress.

**AFFIRMED.**

4