[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 13-15378
Non-Argument Calendar
_____

D.C. Docket No. 1:13-cr-20438-KMM-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JAMEL MELVIN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(September 12, 2014)

Before WILSON, PRYOR, and MARTIN, Circuit Judges.

PER CURIAM:

Jamel Melvin appeals his 84-month sentence for possessing a firearm and ammunition as a convicted felon, in violation of 18 U.S.C. § 922(g)(1).  For the first time on appeal, Melvin argues that the district court erred in treating his prior conviction under Fla. Stat. § 893.13(1)(a) as a "controlled substance offense" as defined in U.S.S.G. § 4B1.2(b) and enhancing his base offense level under U.S.S.G. § 2K2.1(a)(3) because, unlike its federal statutory counterparts, the Florida statute does not include knowledge of the illicit substance as an element.[1] Melvin also argues that his above-guideline sentence was procedurally and substantively unreasonable, partly because the district court improperly considered his prior arrest record.

Upon review of the record and consideration of the parties' briefs, we affirm.

## I.

We review sentencing issues not raised before the district court for plain error.  *United States v. Castro*, 455 F.3d 1249, 1251–52 (11th Cir. 2006)(per curiam).  To establish plain error, a defendant must show (1) an error, (2) that is plain, (3) that affects substantial rights, and (4) that seriously affects the fairness, integrity, or public reputation of judicial proceedings.  *Id.* at 1253.  "When the

---

[1]Melvin's presentence investigation report (PSI) identified the conviction as "Cocaine Sell/Man/Del/Possession w/ Intent."  The PSI did not identify the statute underlying the conviction, but the parties agree that it was Fla. Stat. § 893.13(1)(a).

2

explicit language of a statute or rule does not specifically resolve an issue, there can be no plain error where there is no precedent from the Supreme Court or this Court directly resolving it." *Id.* (internal quotation marks omitted).

Under the Sentencing Guidelines, the base offense level for a defendant convicted of possessing a firearm as a felon is 22 if the offense involved a semiautomatic firearm capable of accepting a large capacity magazine and the defendant has a prior felony conviction for a crime of violence or a "controlled substance offense." U.S.S.G. § 2K2.1(a)(3). The guidelines that are in effect at the time of a defendant's sentencing should guide a district court's sentencing calculations and findings. 18 U.S.C. § 3553(a)(4). As used in § 2K2.1, the term "controlled substance offense" means

> an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense.

U.S.S.G. § 4B1.2(b); *see id.* § 2K2.1, cmt. n.1 (providing that § 4B1.2(b)'s definition of controlled substance offense applies to base offense level enhancements under § 2K2.1).

Under Florida law, it is a crime to "sell, manufacture, or deliver, or possess with intent to sell, manufacture, or deliver, a controlled substance." Fla. Stat. § 893.13(1)(a). Knowledge of the illicit nature of a substance is not an element of

3

this offense. *Id.* § 893.101(1)–(2). Where the offense involves cocaine, it is a second-degree felony and carries a 15-year maximum term of imprisonment. *Id.* §§ 893.13(1)(a)(1), 893.03(2)(a)(4), 775.082(3)(d).

In *Donawa v. U.S. Attorney General*, 735 F.3d 1275, 1281–83 (11th Cir. 2013), we held that a conviction under Fla. Stat. § 893.13(1)(a) did not qualify as an "aggravated felony" under the Immigration and Nationality Act—which defines the term, in part, as any drug trafficking offense listed in 18 U.S.C. § 924(c)— because the federal law included knowledge of the illicit nature of the substance as an offense element. In *Descamps v. United States*, 570 U.S. __, 133 S. Ct. 2276, 2285–86, 2293 (2013), the Supreme Court held that a defendant's prior California burglary conviction did not qualify as a "violent felony" under the Armed Career Criminal Act, 18 U.S.C. § 924(e).

Because Melvin did not dispute before the district court that his prior conviction qualified as a controlled substance offense, our review is limited to plain error. *See Castro*, 455 F.3d at 1251. The district court did not plainly err, as it was only required to consider the version of U.S.S.G. § 4B1.2(b) in effect at the time of Melvin's sentencing, which does not expressly require that a state law include knowledge of the illicit nature of a substance as an offense element. 18 U.S.C. § 3553(a)(4). Further, given that *Descamps* and *Donawa* address other federal statutes and do not address whether an offense under Fla. Stat.

§ 893.13(1)(a) is a controlled substance offense under U.S.S.G. § 4B1.2(b), their holdings cannot establish plain error in this case. *See Descamps*, 570 U.S. at __, 133 S. Ct. at 2285–86; *Donawa*, 735 F.3d at 1280.

## II.

We review the reasonableness of a sentence, including a sentence above the advisory guideline range, under a deferential abuse-of-discretion standard of review. *Gall v. United States*, 552 U.S. 38, 41, 128 S. Ct. 586, 591 (2007). We will reverse only if we "are left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *United States v. Irey*, 612 F.3d 1160, 1190 (11th Cir. 2010) (en banc)(internal quotation marks omitted).

We first ensure that the sentence is procedurally reasonable, determining whether the district court erred in calculating the guideline range, treated the Sentencing Guidelines as mandatory, failed to consider the 18 U.S.C. § 3553(a) factors, selected a sentence based on clearly erroneous facts, or failed to adequately explain the sentence. *Gall*, 552 U.S. at 51, 128 S. Ct. at 597. The district court should articulate enough to establish that it considered the parties' arguments and has a reasoned basis for exercising its own legal decisionmaking authority. *Rita v. United States*, 551 U.S. 338, 356, 127 S. Ct. 2456, 2468 (2007). The district court

is generally not required to explicitly discuss each of the § 3553(a) factors—its consideration of the defendant's arguments at sentencing and statement that it took the factors into account is sufficient. *United States v. Sanchez*, 586 F.3d 918, 936 (11th Cir. 2009).

Next, we examine whether a sentence is substantively reasonable in light of the totality of the circumstances. *Gall*, 552 U.S. at 51, 128 S. Ct. at 597. The district court must impose a sentence "sufficient, but not greater than necessary, to comply with the purposes" listed in 18 U.S.C. § 3553(a)(2), including the need to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, deter criminal conduct, and protect the public from the defendant's future criminal conduct. *See* 18 U.S.C. § 3553(a)(2). In imposing a particular sentence, the court must also consider the nature and circumstances of the offense, the history and characteristics of the defendant, the kinds of sentences available, the applicable guideline range, the pertinent policy statements of the Sentencing Commission, the need to avoid unwarranted sentencing disparities, and the need to provide restitution to victims. *Id.* § 3553(a)(1), (3)–(7). The weight given to any specific § 3553(a) factor is committed to the sound discretion of the district court. *United States v. Clay*, 483 F.3d 739, 743 (11th Cir. 2007).

We do not presume that a sentence outside the guideline range is unreasonable, and "must give due deference to the district court's decision that the

6

§ 3553(a) factors, on a whole, justify the extent of the variance." *Irey*, 612 F.3d at 1187 (internal quotation marks omitted).  Extraordinary justification is not required, but the district court should explain why the variance is appropriate, and the justification must be sufficiently compelling to support the degree of the variance.  *Id.* at 1186–87.

Furthermore, "[n]o limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence."  18 U.S.C. § 3661.  When a defendant fails to object to allegations of fact in the PSI, he admits those facts for sentencing purposes. *United States v. Wade*, 458 F.3d 1273, 1277 (11th Cir. 2006).

Melvin's sentence is procedurally reasonable.  The district court explicitly indicated that it considered the parties' arguments, the PSI, and the § 3553(a) factors in finding an upward variance to be appropriate, and directly responded to Melvin's argument that his sentence was unduly harsh.  *See Sanchez*, 586 F.3d at 936.

Melvin's sentence is also substantively reasonable.  The district court was free to consider Melvin's entire criminal history, including his unobjected to conduct described in his PSI that did not result in conviction or prosecution.  *See* 18 U.S.C. § 3661; *Wade*, 458 F.3d at 1277.  The district court explained why the

7

variance was appropriate, and Melvin's criminal history and record of threatening others with a firearm was sufficiently compelling justification, as this implicated § 3553(a) factors such as the need to promote respect for the law, protect the public from Melvin's future crimes, and deter criminal conduct.  Although the district court may not have weighed Melvin's history of mental problems or purported non-blameworthy role in the offense as much as he desired, its decision to weigh other factors more heavily was within its sound discretion.  *See Clay*, 483 F.3d at 743.

**AFFIRMED.**