[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-10730
Non-Argument Calendar
_____

D.C. Docket No. 7:14-cr-00248-LSC-TMP-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CADRIOUS DASHUN BATTS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Alabama
_____

(September 17, 2015)

Before TJOFLAT, WILSON and BLACK, Circuit Judges.

PER CURIAM:

Cadrious Dashun Batts appeals his 240-month sentence, imposed after convictions for two counts of armed bank robbery, in violation of 18 U.S.C. § 2113(a), (d), and one count of brandishing a firearm by a convicted felon, in violation of 18 U.S.C. § 924(c)(1)(A)(ii).  He argues his sentence is (1) procedurally unreasonable because the district court did not adequately explain its rationale for imposing an upward variance of 79 percent for his armed bank robbery convictions,[1] and (2) substantively unreasonable because the district court did not properly weigh and consider the relevant 18 U.S.C. § 3553(a) factors. Upon review, we affirm.

We review the reasonableness of a sentence for an abuse of discretion.  *Gall v. United States*, 552 U.S. 38, 51 (2007).  We review Batts's arguments for plain error because he failed to contest the procedural or substantive reasonableness of his sentence before the district court.  *See United States v. McNair*, 605 F.3d 1152, 1222 (11th Cir. 2010).  Plain error occurs when there is: (1) an error; (2) that is plain; (3) that affects substantial rights; and (4) that seriously affects the fairness, integrity, or public reputation of judicial proceedings.  *Id.*

---

[1] The Guidelines range for Batts's armed robbery convictions was 70-87 months.  The district court sentenced Batts to 156 months' imprisonment for the armed robbery convictions, to be served concurrently.  The district court added a mandatory 84-month consecutive sentence of imprisonment for Batts's brandishing conviction.

## A.  *Procedural Unreasonableness*

Assuming, without deciding, that there was error, Batts has not established the error was plain because there is no binding precedent directly resolving whether the district court must do more than recite in rote fashion a laundry list of § 3553(a) factors, without any reference to specific facts, to impose an upward variance of this magnitude.[2]  *See United States v. Castro*, 455 F.3d 1249, 1253 (11th Cir. 2006) ("When the explicit language of a statute or rule does not specifically resolve an issue, there can be no plain error where there is no precedent from the Supreme Court or this Court directly resolving it." (quotation omitted)); *United States v. Irey*, 612 F.3d 1160, 1195 (11th Cir. 2010) (en banc) ("No member of this Court has ever before indicated that a sentencing judge is required to articulate his findings and reasoning with great detail or in any detail

---

[2]  The district's entire explanation for the upward variance was as follows:

> My obligation, as I have said before, is to sentence the defendant to a sentence which is sufficient but not more than necessary to accomplish the sentencing goals set forth in the federal statutes.  I do not believe that a mid-range sentence is appropriate in this circumstance.  I am, however, going to sentence the defendant to a sentence of 156 months as to counts one and three.  Those two counts will run concurrent with each other.  And 84 months as to count two, for a total sentence of 240 months.  So the 84 months will run consecutive; count two will run consecutive to counts one and three.
>
> Total sentence will be 240 months.  I believe this is appropriate when I consider the nature and circumstances of the offense and the history and characteristics of the defendant, as well as the need to protect the public, reflect the seriousness of the offense, to deter this type of criminal conduct, and to protect the public from further crimes from this particular defendant.

3

for that matter."). The district court's sentence therefore was not plainly procedurally unreasonable.

## B. *Substantive Unreasonableness*

Assuming, without deciding, that there was error, the district court did not plainly err in sentencing Batts to 240-months' imprisonment. This Court has no controlling precedent holding that, in a sufficiently similar factual scenario, an upward departure of this magnitude was substantively unreasonable. *See United States v. Rosales-Bruno*, 789 F.3d 1249, 1287 (11th Cir. 2015) (Wilson, J., dissenting) ("We have never vacated a sentence because it was too high, imposing a sentencing on remand. By contrast, on numerous occasions, we have vacated sentences because they were too low and imposed a sentencing floor.").

For the foregoing reasons, we affirm.

**AFFIRMED.**