[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
March 28, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-14122
Non-Argument Calendar

_____

D. C. Docket No. 06-00149-CR-JOF-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CESAR MORALES BRAVO,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(March 28, 2008)**

Before MARCUS, WILSON and KRAVITCH, Circuit Judges.

PER CURIAM:

Cesar Morales Bravo appeals his sentence of 77 months' imprisonment,

imposed following his guilty plea for illegal re-entry, in violation of 8 U.S.C.

§ 1326(a). After a thorough review of the record, we affirm.

Bravo, a citizen of Mexico who had re-entered the United States without permission after having been deported, entered a guilty plea to illegal re-entry without a written plea agreement.

The probation officer prepared a presentence investigation report ("PSI"), assigning a base offense level of 8 under U.S.S.G. § 2L1.2(a), with a 16-level enhancement under § 2L1.2(b)(1)(A)(i) because Bravo previously had been convicted of a felony drug offense and two crimes of violence. With a reduction for acceptance of responsibility, the total adjusted offense level was 21. The probation officer noted that Bravo had been deported twice in 1998 and again in 2004 after his convictions, and that he had re-entered illegally in 1993, 1996, and twice in 1998. With a criminal history category VI, the corresponding guidelines range was 77 to 96 months' imprisonment.

Although Bravo filed no objections to the PSI, he filed a sentencing memorandum requesting a sentence at the low end of or below the advisory guidelines range based on the § 3553(a) factors. He explained that the nature and circumstances of the offenses, along with the history and characteristics of the defendant, justified a sentence below the guidelines range. He noted that there were no weapons or drugs found when he was arrested. He asserted that he had a

good work ethic, had assisted roofing homes after Hurricane Katrina, and that he had a poor upbringing in which his mother emigrated to the United States without him when he was a small child. He explained that his children were U.S. citizens and that he wanted to provide for them and for his ailing father who remained in Mexico. He noted that he faced deportation after his term of imprisonment, and that he faced a sentencing disparity because the Northern District of Georgia was not a "fast-track" district.[1] He encouraged the court to impose a sentence about five months below the guidelines range in light of these factors, and he noted that the conditions of pre-trial detention were deplorable.

The court found that Bravo was guilty of "outlawry," and that society had decided that someone with his background was not permitted to re-enter the country. Although the court noted the possible work ethic of Mexican immigrants, it focused on the need to deter and concluded that the guidelines were entitled to deference on how to treat a defendant like Bravo. The court considered the

---

[1] The fast-track departure is available to defendants who "agree to the factual basis [of the criminal charge] and waive the rights to file pretrial motions, to appeal, and to seek collateral relief (except for ineffective assistance of counsel)," United States v. Arevalo-Juarez, 464 F.3d 1246, 1248 (11th Cir. 2006) (citation omitted), but only in judicial districts that participate in a [n] "early disposition program authorized by the Attorney General of the United States and the United States attorney for the district in which the court resides." U.S.S.G. § 5K3.1. This court has rejected Bravo's argument that the "fast track" program creates a sentencing disparity, and we are bound by decisions of prior panels until overruled by this court sitting en banc or by the Supreme Court. See United States v. Anaya Castro, 455 F.3d 1249, 1252-1253 (11th Cir. 2006) (addressing fast-track programs); United States v. Steele, 147 F.3d 1316, 1317-18 (11th Cir. 1998) (holding that decisions by prior panels are binding).

3

hardships associated with Bravo's pre-trial detention and imposed a sentence of 77 months' imprisonment. After Bravo objected to the court's alleged failure to consider the other sentencing factors aside from deterrence, the court clarified that it had considered other factors and Bravo's record to reach the sentence imposed.

Bravo now appeals, asserting that the district court imposed an unreasonable sentence because the punishment was greater than necessary to meet the goals set forth in § 3553(a), and that the court overemphasized the deterrence factor and failed to consider other mitigating circumstances. The government responds that this court should revisit its prior decisions and hold, consistent with Rita v. United States, 127 S.Ct. 2456 (2007), that a sentence within the guidelines range is presumptively reasonable.[2]

"'In reviewing the ultimate sentence imposed by the district court for reasonableness, [this court] consider[s] the final sentence, in its entirety, in light of the § 3553(a) factors.'" United States v. Valnor, 451 F.3d 744, 750 (11th Cir. 2006) (quoting United States v. Thomas, 446 F.3d 1348, 1349 (11th Cir. 2006)). This reasonableness standard is deferential. United States v. Talley, 431 F.3d 784,

---

[2] This court has rejected the government's argument. See United States v. Campbell, 491 F.3d 1306, 1313-1314 & n.8 (11th Cir. 2007) (deciding post-Rita not to presume as reasonable a sentence within the properly calculated range). We are bound by decisions of prior panels until overruled by this court sitting en banc or by the Supreme Court. United States v. Steele, 147 F.3d 1316, 1317-18 (11th Cir. 1998).

788 (11th Cir. 2005). The Supreme Court recently clarified this standard as a review for abuse of discretion. Gall v. United States, ---U.S. ----, 128 S.Ct. 586, 594, 169 L.Ed.2d 445 (2007). Bravo bears the burden of establishing that the sentence is unreasonable. United States v. Bohannon, 476 F.3d 1246, 1253 (11th Cir.), cert. denied, 127 S.Ct. 2953 (2007).

The district court must impose a sentence that is both procedurally and substantively reasonable. Gall, 128 S.Ct. at 597. When reviewing the sentence for procedural reasonableness, this court must "ensure that the district court committed no significant procedural error, such as . . . failing to consider the [18 U.S.C.] § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." Gall, 128 S.Ct. at 597. Generally, when sentencing inside the advisory guideline range, the district court is required neither to state explicitly that it has considered each of the § 3553(a) factors in open court, nor to give a lengthy explanation for its sentence. See United States v. Agbai, 497 F.3d 1226, 1230 (11th Cir. 2007) (citing Rita, 127 S.Ct. at 2468-69).

Substantive reasonableness involves inquiring whether the court abused its discretion in determining that the § 3553(a) factors support the sentence in question. Gall, 128 S.Ct. at 597, 600. Pursuant to § 3553(a), the sentencing court shall impose a sentence "sufficient, but not greater than necessary" to reflect the

seriousness of the offense, promote respect for the law, provide just punishment for the offense, deter criminal conduct, protect the public from future criminal conduct by the defendant, and provide the defendant with needed educational or vocational training or medical care.  See 18 U.S.C. § 3553(a)(2).  Section 3553(a) also requires the sentencing court to consider the nature and circumstances of the offense, the Guidelines range, and the need to avoid unwarranted sentence disparities.  See 18 U.S.C. § 3553(a)(1), (4),(6).  This court may conclude that a district court abuses its discretion if it weighs the factors in a manner that demonstrably yields an unreasonable sentence.  United States v. Pugh, 2008 WL 253040, at *9 (11th Cir. 2008).

Here, based on its comments, the court considered Bravo's lengthy criminal history and repeated illegal re-entries and deportations to conclude that a sentence within the guidelines was necessary to punish and deter.  In sentencing Bravo at the low end of the range, the court noted the conditions of pre-trial confinement. The court also acknowledged the work ethic Bravo alleged, but found that the sentence was necessary to promote respect for the law.  Thus, contrary to Bravo's claims, the court did not fail to consider factors other than deterrence.

Accordingly, the sentence imposed was procedurally and substantively reasonable, and we AFFIRM.