[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 18, 2011
JOHN LEY
CLERK

No. 10-12082
Non-Argument Calendar
_____

D.C. Docket No. 4:04-cr-10031-KMM-1


UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

PEDRO JUAN TORRES,

Defendant - Appellant.


_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(April 18, 2011)

Before TJOFLAT, EDMONDSON and CARNES, Circuit Judges.


PER CURIAM:

Pedro Juan Torres appeals his ten-month sentence of incarceration for

violation of his supervised release.  Torres argues that his sentence was

procedurally and substantively unreasonable. But the district court committed no reversible error; we affirm.

We generally review a sentence imposed upon revocation of supervised release for reasonableness. See United States v. Velasquez Velasquez, 524 F.3d 1248, 1252 (11th Cir. 2008). But where a defendant fails to object to a sentencing error before the district court, we review for plain error. See United States v. Castro, 455 F.3d 1249, 1251 (11th Cir. 2006).[1] Torres failed to object in the district court to his sentence or to the manner in which it was pronounced. Although other United States courts of appeals would apply plain error review in the light of that failure to object, we have yet to decide in a published opinion whether plain error or reasonableness review applies to an unpreserved claim of a sentence's unreasonableness. Because Torres's claims fail under either standard, we decide nothing about that question today.

For its sentence of Torres to be reasonable, the district court must have avoided significant procedural error, "such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous

---

[1] To establish plain error, a defendant must show that there was an "(1) error, (2) that is plain, and (3) that affects his substantial rights. If all three conditions are met, we may reverse only if the error also seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings." United States v. Belfast, 611 F.3d 783, 815 (11th Cir. 2010).

2

facts, or failing to adequately explain the chosen sentence." Gall v. United States, 128 S. Ct. 586, 597 (2007). "[T]he sentencing judge should set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority." United States v. Agbai, 497 F.3d 1226, 1230 (11th Cir. 2007) (citation and internal quotation marks omitted). But the district court has no obligation to discuss or explicitly to state on the record its consideration of each Section 3553(a) factor. United States v. Scott, 426 F.3d 1324, 1329 (11th Cir. 2005). It suffices for the district court to acknowledge that it considered a defendant's arguments, the circumstances of the events, and the Section 3553(a) factors. Id. at 1329-30.

Torres argues that his sentence was procedurally unreasonable because the district court failed to provide adequate reasons for the sentence it imposed. To the contrary, the district court correctly calculated the advisory Guidelines range, allowed Torres to articulate why he should receive a less severe sentence, and expressly stated that it considered the parties' statements (including Torres's request for a non-incarceration sentence), the presentence investigation report, and the Section 3553(a) factors before imposing the sentence. The district court committed no reversible procedural error in sentencing Torres.

Neither was Torres's sentence substantively unreasonable. "The review for

3

substantive unreasonableness involves examining the totality of the circumstances, including an inquiry into whether the statutory factors in § 3553(a) support the sentence in question." United States v. Gonzalez, 550 F.3d 1319, 1324 (11th Cir. 2008). And that review is deferential. See United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005). Torres bears "the burden of establishing that the sentence is unreasonable in light of both [the] record and the factors in Section 3553(a)." Id. Torres failed to carry his burden to show why his sentence did not achieve the purposes of sentencing set forth in Section 3553(a), especially considering Torres's lengthy criminal history and pattern of probation violations.

AFFIRMED.