[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEP 16, 2011
JOHN LEY
CLERK

_____

No. 10-13557
Non-Argument Calendar

_____

D. C. Docket No. 1:10-cr-20221-JAL-1

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

DOMINGO CORPORAN CEDANO,
a.k.a. Carlos Manuel Perez Soto,
a.k.a. Jose Ortiz Lopez,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(September 16, 2011)

Before EDMONDSON, MARTIN and KRAVITCH, Circuit Judges.

PER CURIAM:

Domingo Corporan Cedano appeals the reasonableness of his 54-month sentence imposed for illegal re-entry, 8 U.S.C. § 1326. No reversible error has been shown; we affirm.

We review a sentence "whether within or without the guidelines . . . only for reasonableness under an abuse of discretion standard." United States v. Irey, 612 F.3d 1160, 1186 (11th Cir. 2010), cert. denied, (U.S. Apr. 4, 2011) (No. 10-727). To be upheld on appeal, a sentence must be reasonable both procedurally and substantively. United States v. Gonzalez, 550 F.3d 1319, 1323 (11th Cir. 2008). The party challenging the sentence bears the burden of establishing that the sentence is unreasonable in the light of both the record and the 18 U.S.C. § 3553(a) factors. United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005).[1]

On appeal, Cedano argues that the guideline under which his guidelines range was calculated -- U.S.S.G. § 2L1.2 -- inherently is unreasonable because it double-counts a defendant's criminal history, resulting in an enhancement for

---

[1]Under section 3553(a), a district court should consider the nature and circumstances of the offense, the history and characteristics of the defendant, the need for the sentence to provide adequate deterrence, respect for the law, and protection of the public, provision for the medical and educational needs of the defendant, the guidelines range, policy statements of the Sentencing Commission, and the need to avoid unwarranted sentencing disparities. See 18 U.S.C. § 3553(a)(1)-(7).

2

certain crimes no matter the specific circumstances of those crimes.[2] Such double-counting, he contends, places too much emphasis on a defendant's criminal history and does not reflect the sentencing goals of section 3553(a).

But we review only a defendant's final sentence, and not the guidelines themselves, for reasonableness. United States v. Dorman, 488 F.3d 936, 938 (11th Cir. 2007) (explaining that the reasonableness standard applies to the final sentence, not to each decision made during the sentencing process). And the Sentencing Commission intended prior felony convictions to count under both section 2L1.2(b)(1)(A) and the criminal history category. See U.S.S.G. § 2L1.2, comment. (n.6); United States v. Adeleke, 968 F.2d 1159, 1161 (11th Cir. 1992) (explaining that the criminal history category serves "to punish likely recidivists more severely" while enhancements under section 2L1.2(b)(1)(A) serve "to deter aliens who have been convicted of a felony from re-entering the United States"). Thus, the use of Cedano's prior drug trafficking convictions in both his criminal history category and adjusted offense level did not render his sentence unreasonable.[3]

---

[2]Cedano received a 16-level enhancement because he had earlier been deported after a conviction for possession of cocaine with intent to distribute. See U.S.S.G. § 2L1.2(b)(1)(A)(i).

[3]In addition, the district court considered that Cedano, a lawful permanent resident, had twice been convicted of drug crimes under two different aliases. He was deported after both convictions and later re-entered the United States using his real name. Cedano admitted that he

3

Cedano also argues that the disparity between his sentence and the sentences received by defendants in "fast-track" districts rendered his sentence unreasonable. At sentencing, Cedano acknowledged that his argument was foreclosed by our circuit precedent in United States v. Castro, 455 F.3d 1249 (11th Cir. 2006). In Castro, we explained that no unwarranted disparity existed when one district participated in the fast-track program and another district court did not participate in the program. Id. at 1252-53; see also United States v. Arevalo-Juarez, 464 F.3d 1246, 1247, 1251 (11th Cir. 2006) (disparities associated with early disposition programs are not unwarranted sentencing disparities for purposes of section 3553(a)(6)). So, we are barred from reviewing his present claim under the doctrine of invited error. See United States v. Brannan, 562 F.3d 1300, 1306 (11th Cir. 2009) (explaining that we are precluded from reviewing an issue on appeal if defendant has induced or invited the district court into making the alleged error, including where defendant waives a procedural right or agrees to the admissibility of certain evidence).

In sum, Cedano's appellate arguments do not persuade us that the district

---

used the aliases so that he could re-enter the United States. We cannot say that the district court's reasons for imposing a guidelines sentence -- including Cedano's history and characteristics and his "complete lack of respect for the laws of this country" -- is unsupported by the record.

court's guidelines sentence "lies outside the range of reasonable sentences dictated by the facts of the case." See United States v. Pugh, 515 F.3d 1179, 1191 (11th Cir. 2008); see also Talley, 431 F.3d at 788 (noting that "ordinarily we would expect a sentence within the Guidelines range to be reasonable"). Cedano has not met his burden of demonstrating that his sentence is unreasonable.

AFFIRMED.