[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOVEMBER 30, 2011
JOHN LEY
CLERK

No. 11-12988
Non-Argument Calendar

_____

D.C. Docket No. 1:09-cr-20823-CMA-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JORGE ANDRES VARELA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(November 30, 2011)

Before CARNES, WILSON and BLACK, Circuit Judges.

PER CURIAM:

On October 13, 2009, the district court sentenced Jorge Andres Varela to

time served and two years of supervised release after he pled guilty to passport

fraud, in violation of 18 U.S.C. § 1544, and falsely representing himself to be a United States citizen, in violation of 18 U.S.C. § 911. On June 16, 2011, the district court revoked Varela's supervised release and sentenced him to 24 months' imprisonment. Varela raises two issues on appeal. First, he argues that the district court committed multiple procedural errors in determining his sentence. Second, he argues that his sentence is substantively unreasonable. After review, we affirm.

I.

Varela asserts that the district court committed procedural error when it: (1) failed to calculate his guidelines range; (2) failed to consider all of the § 3553(a) factors; (3) failed adequately to justify an upward variance; and (4) impermissibly based his sentence on his immigration status.

We generally review the reasonableness of a sentence under a deferential abuse of discretion standard. *Gall v. United States*, 552 U.S. 38, 41 (2007). However, where a defendant fails to object to a sentencing error before the district court, we review the sentence for plain error. *See United States v. Castro*, 455 F.3d 1249, 1251 (11th Cir. 2006). An error constitutes invited error and cannot serve as grounds for reversal if the appealing party induces or invites the district

2

court into making the error. *United States v. Brannan*, 562 F.3d 1300, 1306 (11th Cir. 2009).

First, Varela argues that the district court committed procedural error by not formally calculating the guideline range. Because Varela affirmatively agreed that the guidelines range proffered by the government was correct, the doctrine of invited error precludes appellate review of this argument. *See id.*

Next, Varela argues that the district court failed to consider all of the § 3553(a) factors. Varela failed to raise this issue before the district court. Thus, it is subject to plain error review. *See Castro*, 455 F.3d at 1251. Upon determining that a defendant violated a condition of supervised release, a district court may revoke the term of supervision and impose a term of imprisonment after considering certain § 3553(a) factors. *United States v. Campbell*, 473 F.3d 1345, 1348 (11th Cir. 2007). One of the factors a court must consider is the applicable guidelines range. *Id.* Because the Guidelines have always been advisory for sentences imposed upon revocation of supervised release, it is sufficient that there be "some indication" that the district court "was aware of and considered" the sentencing range established under the Guidelines. *Id.* at 1349 (quotations omitted). Although a sentencing court is not required to state on the record that it has explicitly considered each of the § 3553(a) factors or to discuss each factor, it

should set forth enough to satisfy an appellate court that it has considered the parties' arguments and has a reasoned basis for exercising its legal decision-making authority. *See United States v. Agbai*, 497 F.3d 1226, 1230 (11th Cir. 2007).

Here, the district court implicitly adopted the guideline range submitted by the government and agreed to by Varela. The court acknowledged the guidelines calculation by stating that a within-guidelines sentence was not appropriate. Thus, the district court "was aware of and considered" the guidelines range. *See Campbell*, 473 F.3d at 1349 (quotations omitted). The court discussed Varela's history and characteristics and the nature, circumstances, and seriousness of the violations. *See* 18 U.S.C. § 3553(a). The court's concern that Varela had failed to appreciate its prior leniency toward him indicates that the court also implicitly considered the need to promote respect for the law and deter additional criminal conduct. *See id.* Although the district court did not explicitly state that it had considered the § 3553(a) factors, the record establishes that it considered the parties' arguments and had a reasoned basis for exercising its legal decision-making authority. *See Agbai*, 497 F.3d at 1230.

Next, Varela argues that the district court failed to adequately justify its upward variance. Varela failed to raise this issue before the district court. Thus, it

is subject to plain error review.  *See Castro*, 455 F.3d at 1251.  If a district court decides that a sentence outside of the Guidelines is warranted, it must consider the extent of the deviation and ensure that the § 3553(a) factors, as a whole, justify the degree of the variance.  *United States v. Pugh*, 515 F.3d 1179, 1190 (11th Cir. 2008); *see also United States v. Irey*, 612 F.3d 1160, 1186-87 (11th Cir. 2010) (*en banc*) (explaining that the justification for the variance must be "sufficiently compelling" to support the extent of the deviation), *cert. denied*, 131 S. Ct. 1813 (2011).  We will remand on grounds that a sentence is procedurally unreasonable if a district court fails adequately to explain its deviation from the guidelines range in a way that allows for meaningful appellate review.  *United States v. Livesay*, 525 F.3d 1081, 1093 (11th Cir. 2008).

Here, the district court concluded that, based on the § 3553(a) factors, a within-guidelines sentence was not appropriate.  Although it might have been prudent for the court to have provided a more thorough justification for the extent of the deviation, the court's discussion provides enough explanation to allow for meaningful appellate review.  *See id.*

Finally, Varela argues that the district court impermissibly based his sentence on his immigration status.  We generally review *de novo* whether a factor considered by a district court in sentencing is impermissible.  *United States v.*

5

*Velasquez Velasquez*, 524 F.3d 1248, 1252 (11th Cir. 2008). A sentence based entirely upon an impermissible factor is unreasonable because such a sentence does not achieve the purposes of § 3553(a). *Id.* A sentencing court may not impose a more severe sentence than it would have otherwise based on unfounded assumptions regarding one's immigration status. *Id.* at 1253. Although the district court discussed Varela's immigration status, the record does not indicate that the court based its sentence in any way—much less entirely—on that status. *See id.* at 1252. We find no procedural errors in Varela's sentence.

## II.

We review the substantive reasonableness of a sentence for abuse of discretion, in light of the totality of the circumstances and the § 3553(a) factors. *Gall*, 552 U.S. at 51; *see also United States v. Sweeting*, 437 F.3d 1105, 1106-07 (11th Cir. 2006). The party challenging the sentence has the burden of establishing that it is unreasonable. *United States v. Talley*, 431 F.3d 784, 788 (11th Cir. 2005). We will reverse only if left with the "definite and firm conviction" that a district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case. *Irey*, 612 F.3d at 1190.

The reference in § 3553(a) to avoidance of sentencing disparities concerns defendants with similar records who have been found guilty of similar conduct. *United States v. Spoerke*, 568 F.3d 1236, 1252 (11th Cir. 2009). The need to avoid unwarranted sentencing disparities is only one of several factors to be weighed against each other in order to determine the proper sentence. *See Irey*, 612 F.3d at 1197 n.24. The maximum prison sentence that may be imposed for violations of conditions of supervised release upon a first-time conviction of passport fraud is 24 months. *See* 18 U.S.C. §§ 1544, 3583(e)(3), 3559(a)(3).

As discussed above, the district court considered the § 3553(a) factors prior to imposing its sentence. Varela has not cited any cases in which defendants similarly situated to him received substantially different sentences. Varela's 24-month sentence—the statutory maximum—is not outside the range of reasonable sentences dictated by the facts of the case. *See Irey*, 612 F.3d at 1190; *see also* 18 U.S.C. § 3583(e)(3). Accordingly, we affirm Varela's sentence.

**AFFIRMED.**