[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-10470
Non-Argument Calendar
_____

D.C. Docket No. 2:07-cr-00030-JES-SPC-3

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JAMARIEL J. DOSTON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(February 3, 2014)

Before TJOFLAT, MARTIN, and JORDAN, Circuit Judges.

PER CURIAM:

Jamariel Doston appeals his eight-month term of imprisonment and 48-month term of supervised release, imposed after he pleaded guilty to violating the conditions of his supervised release.  Doston argues that his sentence was unreasonable in light of the 18 U.S.C. § 3553(a) factors, the goals of sentencing, and the technical nature of his violations.

In 2007 Doston was sentenced after pleading guilty to conspiring to possess 50 or more grams of crack cocaine with intent to distribute.  He was released from prison after his sentence was reduced in 2011, and he began his term of supervised release.  Doston was arrested in 2012 based on four alleged violations of the conditions of his supervised release:  failure to reside in a Residential Reentry Center; an arrest for Loitering or Prowling; an arrest for Failure to Obey Police; and association with a person convicted of a felony.  At his revocation hearing, Doston admitted to the first violation, and the parties agreed to dismiss the other three.  As part of that violation, Doston admitted to getting "into a confrontation with a staff member" of the Residential Reentry Center and using inappropriate language.  In addition, while on supervised release Doston had three positive urinalysis tests for cocaine.

A sentence imposed upon revocation of supervised release is generally reviewed for reasonableness using the abuse of discretion standard.  United States v. Tome, 611 F.3d 1371, 1378 (11th Cir. 2010); United States v. Sweeting, 437

2

F.3d 1105, 1106–07 (11th Cir. 2006).  However, when a party fails to make specific objections at sentencing after being given an opportunity to do so, challenges to the sentence on appeal will be reviewed only for plain error.  United States v. Castro, 455 F.3d 1249, 1251 (11th Cir. 2006).  To establish plain error, a defendant must show that there was a plain error that affected substantial rights.  See United States v. Turner, 474 F.3d 1265, 1276 (11th Cir. 2007).[1]

We employ a two-step process when reviewing a sentence for reasonableness.  First, we examine whether the district court committed any significant procedural errors.  Gall v. United States, 552 U.S. 38, 51, 128 S. Ct. 586, 597 (2007).  A sentence is procedurally reasonable if the district court properly calculated the guideline range, treated the Guidelines as advisory, considered the § 3553(a) factors, did not select a sentence based on clearly erroneous facts, and adequately explained the chosen sentence.  Id.  While the length and level of detail required depends on the circumstances of each case, a sentencing judge should set forth enough detail to satisfy the appellate court that they have considered the parties' arguments and have a reasoned basis for exercising their authority.  Rita v. United States, 551 U.S. 338, 356, 127 S. Ct. 2456, 2468 (2007).

---

[1] We have yet to decide whether plain error review should apply where a defendant failed to object to the procedural reasonableness of his sentence before the district court.  However, we need not decide this issue here because Doston's procedural reasonableness argument lacks merit even under the abuse of discretion standard.

If the district court's decision is procedurally reasonable, we turn to the substantive reasonableness of the sentence. Gall, 552 U.S. at 51, 128 S. Ct. at 597. The district court must impose a sentence "sufficient, but not greater than necessary, to comply with the purposes" listed in 18 U.S.C. § 3553(a)(2). These include the need to deter criminal conduct, protect the public from the defendant's future criminal conduct, and provide the defendant with needed educational or vocational training, medical care, or other correctional treatment. See 18 U.S.C. § 3553(a)(2). In imposing a sentence upon revocation of supervised release, the court must also consider the nature and circumstances of the offense, the history and characteristics of the defendant, the applicable guideline range, the pertinent policy statements of the Sentencing Commission, the need to avoid unwarranted sentencing disparities, and the need to provide restitution to victims. Id. §§ 3553(a)(1), (4)–(7), 3583(e).

We will not reverse unless we are "left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." United States v. Irey, 612 F.3d 1160, 1190 (11th Cir. 2010) (en banc) (quotation marks omitted). A district court is not required "to state on the record that it has explicitly considered each of the § 3553(a) factors or to discuss each of the § 3553(a) factors." United States v. Scott,

4

426 F.3d 1324, 1329 (11th Cir. 2005).  Instead, it is sufficient for the district court to acknowledge them.  United States v. Talley, 431 F.3d 784, 786 (11th Cir. 2005). The weight given to each factor is "a matter committed to the sound discretion of the district court."  United States v. Clay, 483 F.3d 739, 743 (11th Cir. 2007) (citation omitted).

The district court's sentence of 48 months of additional supervised release in this case was procedurally reasonable.  Doston claims that the district court failed to consider his "request for a specific sentence."  But Doston never requested a specific term of supervised release.  Rather, he asked only to be put "back on supervision."  Even if he had asked for a specific term, neither this Court nor the Supreme Court has ever held that the sentencing court must explicitly explain why it is not imposing such a sentence.

Doston's other argument with respect to procedural reasonableness also fails to persuade.  He claims that the district court did not give individual consideration to each § 3553(a) factor but instead focused on his temper, as well as him "owing" five more years.  The record reflects that the district court adequately considered the applicable § 3553(a) factors and provided sufficient reasoning for its decision. In imposing its sentence, the district court explicitly stated that it had considered the § 3553(a) factors and noted that it was required to impose a sentence that was sufficient but not greater than necessary in light of those factors.  The district court

heard Doston's testimony about the circumstances surrounding the violation, which related to the nature and circumstances of the offense.  Both parties presented their arguments about the proper sentence in light of the § 3553(a) factors, which addressed Doston's background and characteristics.  Prior to sentencing Doston, the district court also determined the maximum possible term of supervised release.  Lastly, the district court explicitly expressed its concern about Doston's attitude and inappropriate comments, prior drug use while on supervised release, and temper.

Doston's sentence was also substantively reasonable.  It was within the district court's "sound discretion" to determine Doston's sentence based on its concerns with Doston's attitude, repeated drug use, and temper.  See Clay, 483 F.3d at 743.  There is nothing in the record to leave us with the "definite and firm conviction" that the 48-month term of supervised release, which was below the maximum term of supervised release, was substantively unreasonable.  See Irey, 612 F.3d at 1190.[2]

For the reasons above, Doston's sentence is **AFFIRMED**.

---

[2] We lack jurisdiction and therefore do not review a claim that has become moot, including a challenge to a completed sentence, unless the defendant can show "that there may be benefits in having his sentence reduced after he has already served that sentence." United States v. Farmer, 923 F.2d 1557, 1568 (11th Cir. 1991) (quotation marks and ellipses omitted).  To the extent that Doston appeals his eight-month term of imprisonment, the issue is moot because Doston has completed his term of imprisonment. See id.  Doston's argument that the district court inadequately explained its decision to reject his request to be sentenced to time served is moot because it relates to the imprisonment portion of his sentence.