[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-12156
Non-Argument Calendar
_____

D.C. Docket No. 7:90-cr-00007-HL-TQL-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DERON DARRELL WEBB,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Georgia
_____

(March 13, 2014)

Before TJOFLAT, WILSON and ANDERSON , Circuit Judges.

PER CURIAM:

In 1990, Deron Darrell Webb was convicted of bank robbery, use of a firearm during a bank robbery, and possession of a firearm by a convicted felon, and sentenced to prison as a career criminal for 300 months, to be followed by a five-year term of supervised release, which began on February 17, 2012.

On February 25, 2013, his probation officer petitioned the district court to revoke his supervised release based on four violations of its conditions: (1) failing to report to the probation officer; (2) failing to notify the probation officer at least ten days prior to changing his address; (3) possessing or using a controlled substance—he tested positive for the presence of cocaine and marijuana on three separate occasions; and (4) failing to participate in an approved substance abuse program.

The district court held a revocation hearing on April 25, 2013.  Webb admitted that he had violated the conditions of supervised release as alleged, and the court, in turn, revoked the supervised release and sentenced him to prison for fourteen months—at the low end of the Guidelines sentence range.[1]  The court asked Webb if he had any objection to the sentence, and he said "No, sir."

Webb appeals the sentence, arguing that it is procedurally unreasonable because the district court failed to adequately explain its reasons for imposing a fourteen-months' sentence.  After review, we affirm.

---

[1] The sentence range for a Grade C violation and a criminal history category of VI was eight to 14 months' incarceration.

We generally review a sentence imposed upon revocation of supervised release for reasonableness. *United States v. Sweeting*, 437 F.3d 1105, 1106-07 (11th Cir. 2006). When reviewing for reasonableness, we apply the abuse of discretion standard. *Gall v. United States*, 552 U.S. 38, 46, 128 S.Ct. 586, 594, 169 L.Ed.2d 445 (2007). Generally, where a defendant fails to object to an error before the district court, we review for plain error. *United States v. Castro*, 455 F.3d 1249, 1251 (11th Cir. 2006). We have yet to decide in a published opinion whether plain error or abuse of discretion review applies to an unpreserved claim of a sentence's procedural reasonableness. However, we have held that the question of whether a district court complied with 18 U.S.C. § 3553(c)(1) is reviewed *de novo*, even where the defendant did not object below. *United States v. Bonilla*, 463 F.3d 1176, 1181 (11th Cir. 2006); *see also* 18 U.S.C. § 3553(c)(1) (requiring the district court, when imposing a within-guideline sentence exceeding 24 months, to state in open court the reason for imposing sentence at a particular point within the range).

Under 18 U.S.C. § 3583(e), a district court may, upon finding by a preponderance of the evidence that a defendant has violated a condition of supervised release, revoke a term of supervised release, and after considering the factors set forth in 18 U.S.C. § 3553(a)(1), (a)(2)(B)-(D), and (a)(4)-(7), impose a sentence of imprisonment for the violation. 18 U.S.C. § 3583(e)(3). Specifically,

the court must consider: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for deterrence; (3) the need to protect the public; (4) the need to provide the defendant with educational or vocational training, medical care, or other correctional treatment; (5) the kinds of sentences available and the applicable sentencing range; (6) any pertinent policy statements; (7) the need to avoid unwarranted sentencing disparities; and (8) the need to provide restitution to any victims.  *See id.*; 18 U.S.C. § 3553(a)(1), (a)(2)(B)-(D), (a)(4)-(7).  However, revocation of supervised release is mandatory if the defendant possessed a controlled substance or refused to comply with drug testing in violation of the conditions of supervised release.  18 U.S.C. § 3583(g).

A sentence may be procedurally unreasonable if the court fails to consider the factors set forth in 18 U.S.C. § 3553(a), fails to properly calculate the appropriate guidelines range, or fails to adequately explain the chosen sentence. *Id.*, 128 S.Ct. at 597.  However, given the advisory nature of the Guidelines, it is sufficient if there is some indication that "the district court was aware of and considered the Guidelines." *United States v. Campbell*, 473 F.3d 1345, 1349 (11th Cir. 2007) (quotation omitted).  Consequently, the district court need not discuss or explicitly state on the record each § 3553(a) factor. *United States v. Scott*, 426 F.3d 1324, 1329 (11th Cir. 2005).

"The sentencing judge should set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority." *Rita v. United States*, 551 U.S. 338, 356, 127 S.Ct. 2456, 2468, 168 L.Ed.2d 203 (2007).  However, "when a judge decides simply to apply the Guidelines to a particular case, doing so will not necessarily require lengthy explanation.  Circumstances may well make clear that the judge rests his decision upon the [Sentencing] Commission's own reasoning that the Guidelines sentence is a proper sentence." *Id.* at 356-57, 127 S.Ct. at 2468.  The appropriateness of how much to write and what to say depends on the circumstances of the case, and "[t]he law leaves much, in this respect, to the judge's own professional judgment." *Id.* at 356, 127 S.Ct. at 2468.

Webb's within-guidelines sentence is procedurally reasonable.  Webb admitted that he violated all four charged violations of the conditions of his supervised release.  As such, the circumstances did not "necessarily require [the district court to provide a] lengthy explanation" of its reasons for imposing a within-guidelines sentence.  *See Rita*, 551 U.S. at 356-57, 127 S.Ct. at 2468.  Although the court's explanation of the sentence was brief, the court indicated that it had considered the Sentencing Guidelines and the § 3553(a) factors, stated that a sentence of fourteen months was appropriate in this case and adequately addressed the totality of the circumstances.  Furthermore, in imposing sentence, the court

5

stated twice that the violations included the use of marijuana and cocaine.  The court's explanation was sufficient to show that it had a "reasoned basis" for its sentencing decision, and therefore Webb cannot show that the sentence is procedurally unreasonable.

AFFIRMED.