[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

————————————————

No. 23-10027

Non-Argument Calendar

————————————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

JEFFREY ALAN BOURASSA,

Defendant-Appellant.

————————————————

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 4:22-cr-00029-MLB-1

————————————————

Before JORDAN, NEWSOM, and ANDERSON, Circuit Judges.

PER CURIAM:

Jeffrey Alan Bourassa appeals his conviction and sentence for conspiracy to commit racketeering, challenging his guilty plea. He argues that the district court plainly erred in accepting his guilty plea because it was not knowingly, intelligently, freely, and voluntarily made, and failed to explore whether undocumented promises or assurances were made by the government, his counsel, or both, and such promises may have improperly induced him to plead guilty.

Ordinarily, "[t]he voluntariness of a guilty plea is a question of law reviewed *de novo*." *United States v. Bushert*, 997 F.2d 1343, 1352 (11th Cir. 1993). But where—as here—the defendant fails to object to a Rule 11 violation in the district court, we review the court's compliance with Rule 11 for plain error. *See United States v. Monroe*, 353 F.3d 1346, 1349 (11th Cir. 2003). To establish plain error, a defendant must show that there was (1) an error, (2) that is plain, and (3) that affected his substantial rights. *See United States v. Castro*, 455 F.3d 1249, 1253 (11th Cir. 2006). Where all three conditions are met, we may reverse for plain error if the error seriously affects the fairness, integrity, or public reputation of judicial proceedings. *See id.* As a general matter, an error is not plain unless it is obvious and clear under current law. *See id.*

Rule 11 of the Federal Rules of Criminal Procedure "imposes upon a district court the obligation and responsibility to

23-10027                Opinion of the Court                3

conduct an inquiry into whether the defendant makes a knowing and voluntary guilty plea." *United States v. Hernandez-Fraire*, 208 F.3d 945, 949 (11th Cir. 2000). To determine that a guilty plea is knowing and voluntary, a court accepting it must comply with the three "core concerns" of Rule 11 by ensuring that (1) the guilty plea is free from coercion; (2) the defendant understands the nature of the charges; and (3) the defendant understands the direct consequences of his plea. *See United States v. Presendieu*, 880 F.3d 1228, 1238 (11th Cir. 2018).

As to the first core principle, Rule 11(b)(2) elaborates that the district court must ensure that the plea did not result from force, threats, or promises not included in the plea agreement. *See* Fed. R. Crim. P. 11(b)(2). Whether the court has complied with the second core principle depends on various factors, including the complexity of the offense and the defendant's intelligence and education. *See Presendieu*, 880 F.3d at 1238. "In simple cases, for example, the district court may only need to read the indictment and afford the defendant an opportunity to ask questions." *Id.* at 1239. And to comply with the third core principle, the court must inform the defendant of the rights that he gives up by pleading guilty, its authority to impose certain punishments, and the possibility of a perjury prosecution for false statements made during the plea colloquy. *See United States v. Moriarty*, 429 F.3d 1012, 1019 (11th Cir. 2005); *see also* Fed. R. Crim. P. 11(b)(1).

There is a strong presumption that the statements made during a plea colloquy are true. *See United States v. Medlock*, 12 F.3d 185,

187 (11th Cir. 1994).  Additionally, the existence of a clause in a plea agreement—like the one in Mr. Bourassa's agreement—"stating that there are no other promises, agreements, or representations except those set forth in the agreement" makes a defendant's assertion of, or reliance on, other promises "especially dubious." *United States v. Al-Arian*, 514 F.3d 1184, 1193 (11th Cir. 2008).

Mr. Bourassa asserts that he "may have been persuaded" to plead guilty by the government or his former counsel in exchange for a possible promise that he would receive better medical treatment for his conditions. *See* Appellant's Br. at 19.  He points out that the prosecutor expressed a desire to see him get to a facility where his medical treatment would be better than what he received in pretrial detention. *See id*. at 20.

We conclude that the district court did not plainly err in accepting Mr. Bourassa's guilty plea.  First, its plea colloquy complied with all three core concerns underlying Rule 11. *See Presendieu*, 880 F.3d at 1238.  Second, pursuant to the court's detailed inquiry, Mr. Bourassa verbally confirmed that his plea was voluntarily made without the influence of any external agreement, that he understood the charge against him, and that he understood the consequences of his plea agreement.  Third, with respect to the possibility of an unstated promise for designation to a facility with better medical treatment, the court did not commit plain error in accepting the veracity of Mr. Bourassa's sworn, in-court statements and signed plea agreement disclaiming any other promises.

**AFFIRMED.**