[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 24-10880

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

DEDRICK D. SIRMANS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Georgia
D.C. Docket No. 5:23-cr-00035-MTT-CHW-1

_____

Before WILSON, ROSENBAUM, and LUCK, Circuit Judges.

PER CURIAM:

Dedrick Sirmans appeals his conviction for operating an aircraft eligible for registration knowing that the aircraft is not registered to facilitate a controlled-substance offense, in violation of 49 U.S.C. § 46306(b)(6). Sirmans argues on appeal that the district court plainly violated Rule 11, Fed. R. Civ. P., by failing to ensure during the guilty-plea colloquy that he understood that, to be convicted under that statute, it was necessary for the government to prove that he knew that he was required to register his drone.

When a defendant fails to object to a Rule 11 violation in the district court, we review for plain error. *United States v. Monroe*, 353 F.3d 1346, 1349 (11th Cir. 2003). "Under plain-error review, the defendant has the burden to show that 'there is (1) error (2) that is plain and (3) that affect[s] substantial rights.'" *Id.* (internal quotation marks omitted) (alteration in original) (quoting *United States v. Lejarde-Rada*, 319 F.3d 1288, 1290 (11th Cir. 2003)). "'If all three conditions are met, an appellate court may then exercise its discretion to notice a forfeited error, but only if (4) the error seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings.'" *Id.* (internal quotation marks omitted) (alteration in original) (quoting *Lejarde-Rada*, 319 F.3d at 1290).

To satisfy the second prong of the plain-error standard, an error "must be so clearly established and obvious 'that it should not have been permitted by the trial court even absent the defendant's

timely assistance in detecting it.'" *United States v. Hesser*, 800 F.3d 1310, 1325 (11th Cir. 2015) (quoting *United States v. Prieto*, 232 F.3d 816, 823 (11th Cir. 2000)). "When 'the explicit language of a statute or rule does not specifically resolve an issue, there can be no plain error where there is no precedent from the Supreme Court or this Court directly resolving it.'" *United States v. Castro*, 455 F.3d 1249, 1253 (11th Cir. 2006) (quoting *United States v. Chau*, 426 F.3d 1318, 1322 (11th Cir. 2005)). "[A] close call is not enough for [a defendant] to prevail on plain error review." *United States v. Kushmaul*, 984 F.3d 1359, 1367 (11th Cir. 2021).

Under Rule 11, Fed. R. Crim. P., a district court must specifically determine that a defendant pleading guilty understands "the nature of each charge to which the defendant is pleading." Fed. R. Crim. P. 11(b)(1)(G). And in determining that a defendant's guilty plea is knowing and voluntary, the district court must conduct a plea colloquy to ensure that the three core concerns of Rule 11 are met: "(1) the guilty plea must be free from coercion; (2) the defendant must understand the nature of the charges; and (3) the defendant must know and understand the consequences of his guilty plea." *United States v. Freixas*, 332 F.3d 1314, 1318 (11th Cir. 2003) (quotation omitted). The former Fifth Circuit in *United States v. Dayton*, on review of a former version of Rule 11, concluded, among other things, that a district court's failure to address any one

of Rule 11's core concerns "requires automatic reversal." *United States v. Dayton*, 604 F.2d 931 (5th Cir. 1979) (*en banc*).[1]

A person violates § 46306(b) if he "knowingly and willfully operates or attempts to operate an aircraft eligible for registration . . . knowing that . . . the aircraft is not registered." 49 U.S.C. § 46306(b)(6)(A). The penalty for a violation of § 46306(b)(6) must be enhanced "if the violation is related to transporting a controlled substance by aircraft or aiding or facilitating a controlled substance violation." *Id.* § 46306(c)(2).

Here, the court sufficiently determined that Sirmans understood the nature of the charge to which he pled. During the change-of-plea hearing, the government stated that, "[t]o prove this offense, the government would have to prove first that the defendant knowingly and willfully operated or attempted to operate an aircraft eligible for registration under this Title; second, that he knew the aircraft was not registered as required; third, that said operation related to the transportation of a controlled substance by aircraft or aiding or facilitating a controlled substance violation; and that the transportation, aiding, or facilitation is a felony controlled substance offense under state or federal law." The court then asked, "Mr. Sirmans, did you understand that?" And Sirmans

---

[1] All Fifth Circuit decisions issued by the close of business on September 30, 1981, are binding precedent in this Court. *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc).

replied, "Yes, sir." Then the court asked Sirmans, "Do you have any questions about the charge?" And Sirmans said, "No sir."

It is doubtful that error occurred here. As the transcript shows, the government informed Sirmans during the plea colloquy that it was necessary for the government to prove that Sirmans knew that he was required to register his drone. The government did this when it said that it "would have to prove . . . that [Sirmans] *knew the aircraft was not registered* **as required**." Sirmans said he understood and had no questions about that.

But even assuming any error occurred, any error was not plain. Neither the plain language of § 46306(b)(6) nor any of our or the Supreme Court's precedents explicitly compel his interpretation of the statute, *see Castro*, 455 F.3d at 1253.

**AFFIRMED.**