[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 23-12306

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

JANERIO JONES,
a.k.a. Janerio Lacondre Jones,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Georgia
D.C. Docket No. 4:22-cr-00005-CDL-MSH-2

_____

Before JORDAN, LAGOA, and BRASHER, Circuit Judges.

PER CURIAM:

Janerio Jones, a federal prisoner proceeding with counsel, appeals his convictions and resulting sentence for two counts of Hobbs Act robbery and one count of brandishing a firearm during and in relation to Hobbs Act robbery pursuant to a guilty plea. He argues that his guilty plea was unknowing and involuntary because his trial counsel ineffectively assured him that his base offense level would only consider the two specific robberies from the charges to which he pleaded guilty, and not the five other robberies he committed as stipulated in the plea agreement.

Jones's arguments fail. To the extent Jones is challenging his counsel's effectiveness, we cannot review that claim on direct appeal. To the extent Jones argues that the district court plainly erred in accepting his guilty plea, we disagree. Accordingly, we affirm.

**I.**

We will start with Jones's ineffective assistance claim. The merits of a claim of ineffective assistance of counsel present a mixed question of law and fact that we ordinarily review *de novo*. *Gomez-Diaz v. United States*, 433 F.3d 788, 790 (11th Cir. 2005). For claims of ineffective assistance of counsel, a convicted defendant must demonstrate that counsel's performance was deficient and that the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984).

However, the Supreme Court has reasoned that "[w]hen an ineffective-assistance claim is brought on direct appeal, appellate counsel and the [C]ourt must proceed on a trial record not developed precisely for the object of litigating or preserving the claim and thus often incomplete or inadequate for this purpose." *Massaro v. United States*, 538 U.S. 500, 504-05 (2003). Our precedent "require[s] the district court to have the opportunity to examine ineffective-assistance claims before" we review them. *United States v. Padgett*, 917 F.3d 1312, 1316 (11th Cir. 2019). Accordingly, "except in the rare instance when the record is sufficiently developed, we will not address claims for ineffective assistance of counsel on direct appeal." *United States v. Merrill*, 513 F.3d 1293, 1308 (11th Cir. 2008) (alteration accepted) (quotation marks omitted); *see also United States v. Griffin*, 699 F.2d 1102, 1107-08 (11th Cir. 1983) (same); *United States v. Puentes-Hurtado*, 794 F.3d 1278, 1285 (11th Cir. 2015) (same). Rather, the proper venue for a federal defendant presenting an ineffective-assistance claim is a collateral attack presented in a § 2255 proceeding where necessary evidence on the performance and prejudice prongs of *Strickland* can be presented. *Puentes-Hurtado*, 794 F.3d at 1285; *Merrill*, 513 F.3d at 1308; *see also Griffin*, 699 F.2d at 1109 (noting that rejecting ineffective-assistance claims on direct appeal does not deny a person's right to bring their claim in a § 2255 proceeding).

We have found a record not sufficiently developed for appellate review "[a]lthough the record contain[ed] some evidence concerning [counsel's] performance." *Puentes-Hurtado*, 794 F.3d at 1285. Additionally, in *United States v. Ahmed*, we held that a claim

of ineffective assistance of counsel was not properly before us on direct appeal, even when counsel there made statements on the record about his communications with the defendant, because the statements "were not made under oath, they were not subject to cross-examination, and there [was] no way to assess whether any communication difficulty prejudiced [the defendant's] defense." 73 F.4th 1363, 1375-76 (11th Cir. 2023).

Here, the record is not sufficiently developed for us to adjudicate whether Jones's trial counsel was ineffective. *See Merrill*, 513 F.3d at 1308. Any claim Jones wishes to raise would best be raised in a § 2255 motion, where he would have the opportunity to properly request an evidentiary hearing on his claim. *See Massaro*, 538 U.S. at 504-05; *Merrill*, 513 F.3d at 1308; *Puentes-Hurtado*, 794 F.3d at 1285; *Griffin*, 699 F.2d at 1109. Accordingly, we decline to consider Jones's claim of ineffective assistance of counsel.

## II.

We will now turn to whether Jones has established that the district court erred in accepting his guilty plea. Ordinarily, "[t]he voluntariness of a guilty plea is a question of law reviewed *de novo*." *United States v. Bushert*, 997 F.2d 1343, 1352 (11th Cir. 1993). However, when the defendant fails to object to a violation of Rule 11 in the district court, we review the court's compliance with Rule 11 for plain error. *United States v. Monroe*, 353 F.3d 1346, 1349 (11th Cir. 2003). To establish plain error, a defendant must show that there was (1) an error, (2) that is plain, and (3) that affects substantial rights. *United States v. Castro*, 455 F.3d 1249, 1253 (11th Cir.

2006). When all three conditions are met, we may reverse for plain error if the error seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.* An error is not plain unless it is obvious and clear under current law. *Id.*

"A plea of guilty is constitutionally valid only to the extent it is voluntary and intelligent." *Bousley v. United States*, 523 U.S. 614, 618 (1998). In determining that a defendant's guilty plea is knowing and voluntary, the district court must conduct a plea colloquy to ensure that the three core concerns of Rule 11 are met: "(1) the guilty plea must be free from coercion; (2) the defendant must understand the nature of the charges; and (3) the defendant must know and understand the consequences of his guilty plea." *United States v. Freixas*, 332 F.3d 1314, 1318 (11th Cir. 2003) (quotation marks omitted). A defendant's belief that he can rely on his attorney's prediction about his sentencing guideline range is insufficient to render a plea involuntary when the district court explicitly explains that the sentence it imposes may be different from such a prediction. *See United States v. Pease*, 240 F.3d 938, 941 (11th Cir. 2001).

We cannot say the district court plainly erred in accepting Jones's guilty plea as knowing and voluntary. *See Monroe*, 353 F.3d at 1349. The district court's plea colloquy assessed the core concerns of Rule 11 and found that Jones's plea complied with all of them. Accordingly, the district court's plea colloquy was constitutionally sufficient for the district court to determine that Jones

voluntarily pleaded guilty. *See Bousley*, 523 U.S. at 618; *Freixas*, 332 F.3d at 1318.

## III.

**AFFIRMED.**