[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

————————————————

No. 24-13030

Non-Argument Calendar

————————————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

MAURICIO GONZALEZ,

Defendant-Appellant.

————————————————

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 9:21-cr-80087-DMM-1

————————————————

Before NEWSOM, GRANT, and ANDERSON, Circuit Judges.

PER CURIAM:

Mauricio Gonzalez, proceeding *pro se,* appeals the district court's denial of his fourth and fifth motions for a new trial. He argues that his new evidence reveals the following violations:

- He argues that his evidence shows that the iPhone XR was registered to Thomas Welch, not A.S., and that the government violated *Brady*[1] by failing to produce the subscriber records which would show that;

- He appears to argue that the government violated *Brady* by failing to produce (until after trial) the Cellebrite report for the iPhone XR which revealed that the XR was associated with the Florida area code 561, and not the Bahamian number 242;

- He appears to argue that the government violated *Brady* by failing to produce the iPhone 7 with a 242 area code and its linked data;

- He argues that the government violated *Giglio*[2] by relying on false testimony with respect to the government's Exhibit 2 (the iPhone XR); and

---

[1] *Brady v. Maryland*, 373 U.S. 83 (1963).

[2] *Giglio v. United States*, 405 U.S. 150 (1972).

- He argues that the government violated Federal Rule of Evidence 1002 by failing to produce the original phone containing the WhatsApp chats between A.S. and Gonzalez (which Gonzalez claims was the iPhone 7 with area code 242—not the iPhone XR associated with area code 561), and violated Rule 901 for failing to authenticate same.

## I. *Brady/Giglio* Claims

We review alleged *Brady* or *Giglio* violations *de novo* but review a court's denial of a motion for a new trial based on a *Brady* or *Giglio* violation for an abuse of discretion. *United States v. Stein*, 846 F.3d 1135, 1145 (11th Cir. 2017). A court abuses its discretion by misapplying the law or making clearly erroneous factual findings. *United States v. Scrushy*, 721 F.3d 1288, 1303 (11th Cir. 2013). A finding is clearly erroneous where we, after reviewing all of the evidence, are left with a firm conviction that the court made a mistake. *United States v. Rodriguez-Lopez*, 363 F.3d 1134, 1137 (11th Cir. 2004).

When a defendant fails to present to the district court a particular ground for a new trial in his motion, any claim of error on appeal regarding that new ground is reviewed only for plain error. *United States v. Gallardo*, 977 F.3d 1126, 1142 n.12 (11th Cir. 2020). "Plain error occurs if (1) there was error, (2) that was plain, (3) that affected the defendant's substantial rights, and (4) that seriously affected the fairness, integrity, or public reputation of judicial proceedings." *United States v. Wright*, 607 F.3d 708, 715 (11th Cir. 2010)

(quotation marks omitted).  To establish that the error affected his substantial rights, "the defendant ordinarily must show a reasonable probability that, but for the error, the outcome of the proceeding would have been different." *United States v. Perry*, 14 F.4th 1253, 1265 (11th Cir. 2021) (quotation marks omitted).  "When the explicit language of a statute or rule does not specifically resolve an issue, there can be no plain error where there is no precedent from the Supreme Court or this Court directly resolving it."  *United States v. Castro*, 455 F.3d 1249, 1253 (11th Cir. 2006) (quotation marks omitted).

A court may vacate a judgment and grant a new trial if the interest of justice so requires.  Fed. R. Crim. P. 33(a).  Motions for a new trial are disfavored and granted with great caution.  *Scrushy*, 721 F.3d at 1304.

Suppression of evidence favorable to an accused and material to his guilt or to punishment violates his due process rights regardless of the good or bad faith of the government.  *Brady*, 373 U.S. at 87.  The duty to disclose evidence extends to impeachment evidence.  *United States v. Meros*, 866 F.2d 1304, 1308 (11th Cir. 1989).  To obtain a new trial based on a *Brady* violation, the defendant must show that (1) the government possessed evidence favorable to him, (2) he did not possess the evidence and could not obtain it with reasonable diligence, (3) the government suppressed the evidence, and (4) if it had been disclosed, there is a reasonable probability that it would have changed the trial's outcome.  *United States v. Vallejo*, 297 F.3d 1154, 1164 (11th Cir. 2002).  A reasonable

probability is one that undermines confidence in the outcome. *United States v. Arnold*, 117 F.3d 1308, 1315 (11th Cir. 1997). A defendant need not show that disclosure of the suppressed evidence would have resulted in his acquittal by a preponderance of the evidence or that there was insufficient evidence to convict in light of the suppressed evidence. *United States v. Scheer*, 168 F.3d 445, 452 (11th Cir. 1999). There is no further harmless error review. *Id.* Finally, evidence is viewed collectively. *Id.*

The government must disclose evidence of materially false testimony when the reliability of a witness may be determinative of guilt or innocence. *Giglio*, 405 U.S. at 154. To warrant a new trial based on a *Giglio* violation, the defendant must show that the government knowingly used perjured testimony or failed to correct what it subsequently learned was false testimony, and that the falsehood was material. *Vallejo*, 297 F.3d at 1163–64. A falsehood is material if there is a reasonable likelihood that it could have affected the judgment of the jury. *See Giglio*, 405 U.S. at 154.

We will generally not consider evidence that was not submitted before the district court. *Ouachita Watch League v. Jacobs*, 463 F.3d 1163, 1170 (11th Cir. 2006). However, we will "rarely supplement the record to include material that was not before the district court," and have "the equitable power to do so if it is in the interests of justice." *Schwartz v. Millon Air, Inc.*, 341 F.3d 1220, 1225 n.4 (11th Cir. 2003). We evaluate requests to supplement "on a case-by-case basis," and "[e]ven when the added material will not conclusively resolve an issue on appeal, we may allow

supplementation in the aid of making an informed decision." *Id.* However, we have "not allowed supplementation when a party has failed to request leave of this [C]ourt to supplement a record on appeal or has appended material to an appellate brief without filing a motion requesting supplementation." *Jones v. White*, 992 F.2d 1548, 1567 (11th Cir. 1993); *see also Cabalceta v. Standard Fruit Co.*, 883 F.2d 1553, 1555 (11th Cir. 1989) ("We have refused to supplement the record when a party has filed supplemental material without requesting leave of this [C]ourt or has appended material to an appellate brief without filing a motion to supplement.").

Here, as an initial matter, we decline to consider A.S.'s affidavit submitted for the first time with Gonzalez's initial brief because he has not requested permission to supplement the record.

The district court did not err in denying Gonzalez's motions for a new trial. To the extent he argues that the government failed to provide the subscriber records for the iPhone XR with a (561) number, his argument is preserved. However, the court did not abuse its discretion in failing to find a *Brady* violation because Gonzalez has failed to make the threshold showing that the government possessed the allegedly favorable evidence. *Vallejo*, 297 F.3d at 1164. He indicates that the government could have obtained the subscriber records for the iPhone XR and 561 phone number; however, this does not show actual possession. In any event, he fails to provide evidence that subscriber records showing that the phone was registered to Thomas Welch created a reasonable probability

of a different trial outcome, considering the significant evidence in the Cellebrite report indicating that A.S. was the user of the phone.

To the extent Gonzalez's argument can be construed to assert that the government violated *Brady* in failing to produce the Cellebrite report indicating that the iPhone XR was registered to a (561) number, his argument is without merit because the Cellebrite report was in evidence and introduced at trial as the government's Exhibit 8.

To the extent Gonzalez argues that the government's failure to produce the iPhone 7 and its linked data violates *Brady*, his argument is also without merit because he fails to indicate that the government possessed the iPhone 7 or its linked data at any point. *Vallejo*, 297 F.3d at 1164. In any event, Gonzalez submitted evidence in his reply below indicating that A.S. used both an iPhone 7 and iPhone XR, and that the phones were connected through her Apple ID and synced to one another, and explained that she switched phones constantly. The evidence thus indicates that A.S. accessed the same WhatsApp account from multiple phones. Gonzalez fails to argue that the information on the iPhone 7 would differ from that on the synced iPhone XR produced at trial, or indicate that any additional information on the phone would be favorable to him.

Finally, to the extent Gonzalez raises a *Giglio* challenge, he raises this issue for the first time on appeal and this Court reviews for plain error only. *Gallardo*, 977 F.3d at 1142 n.12. Gonzalez cannot show error because he fails to provide evidence of perjured testimony; the discrepancy in area code numbers (about which he

complains) is explained by A.S.'s use of the same account on multiple phones. *Vallejo*, 297 F.3d at 1163–64.

We affirm as to these *Brady* and *Giglio* issues.

## II. Evidentiary Issues

Federal Rule of Evidence 1002 provides that an original writing or recording is required to prove its content unless the rules of evidence or a statute provides otherwise. Fed. R. Evid. 1002. As we have explained, "[t]he purpose of the best evidence rule is to prevent inaccuracy and fraud when attempting to prove the contents of a [recording]." *United States v. Ross*, 33 F.3d 1507, 1513 (11th Cir. 1994).

Furthermore, a proponent of evidence "must produce evidence sufficient to support a finding that the item is what the proponent claims it is." Fed. R. Evid. 901(a). Testimony of a witness with knowledge that an item is what it is claimed to be satisfies this requirement. Fed. R. Evid. 901(b)(1). In addition, evidence may be authenticated by its "appearance, contents, substance, internal patterns, or other distinctive characteristics . . . taken together with all the circumstances." Fed. R. Evid. 901(b)(4).

Once the proponent has made a *prima facie* showing that the evidence is what it purports to be, a district court should admit the evidence, although it remains for the trier of fact to appraise whether the proffered evidence is what it purports to be. *United States v. Caldwell*, 776 F.2d 989, 1001–02 (11th Cir. 1985). In *Caldwell*, we held there was sufficient evidence of authentication to establish a *prima facie* case of admissibility because of testimony and

circumstances showing that the evidence was what it purported to be, even though "[a]dmittedly, the testimony could have been clearer" in identifying the evidence. *Id.* at 1002–03. The decision of whether a particular piece of evidence has been appropriately identified falls within the district court's discretion, and we will not disturb that determination absent a showing on appeal that there was "no competent evidence in the record to support it." *Id.* at 1001 (quotation marks omitted). Rule 901 functions to make a court's determination of authenticity merely a preliminary evaluation and leaves the ultimate decision on genuineness to the jury. *Id.* at 1003.

We review Gonzalez's evidentiary challenges for plain error because he did not raise such challenges below. *Gallardo*, 977 F.3d at 1142 n.12. To the extent he argues that post-trial Cellebrite evidence (indicating that the iPhone XR was associated with area code 561) casts serious doubt on the government's claim that the WhatsApp messages were linked to the iPhone XR, his argument fails because the Cellebrite report was admitted into evidence as Government Exhibit 8, and was thus necessarily available at trial.

The district court did not err because Gonzalez has failed to provide evidence that Government Exhibit 2 was not "the original" iPhone XR containing chats between A.S. and Gonzalez. Fed. R. Evid. 1002. Special Agent Ray testified that he performed a forensic analysis on Government Exhibit 2 (i.e. the iPhone XR which was introduced into evidence at the trial), that he analyzed the data extracted from that phone, and his testimony was based on facts

retrieved from that phone.  From that forensic analysis, he determined that A.S. was the user of Government Exhibit 2, and that the WhatsApp messages were sent between Government Exhibit 2 and Gonzalez's phone.  Whether a second phone with the same data existed is irrelevant to the authenticity of Government Exhibit 2 and does not render the evidence "secondary."  Government Exhibit 2 was properly authenticated because A.S., a witness with knowledge, testified that it was "[her] phone" containing chats between herself and Gonzalez.  Fed. R. Evid. 901(b)(1).  Gonzalez has not demonstrated that the admission of the iPhone XR as Government Exhibit 2 and the failure to produce the linked iPhone 7 is erroneous, much less plainly erroneous, under the precedent of this Court or the Supreme Court. *See Castro*, 455 F.3d at 1253.  We affirm as to this issue.

For the foregoing reasons,[3] the decision of the district court is

**AFFIRMED.**

---

[3] Gonzalez's motion to file a supplemental brief and his motion for a limited remand are DENIED.